[No. 4753. Decided March 16, 1904.]

THE STATE OF WASHINGTON, on the Relation of James
Donofrio et al., Respondents, v. T. J. HUMES, as
Mayor of Seattle, et al., Appellants.[1]

EMINENT DOMAIN—MUNICIPAL CORPORATIONS—JUDGMENT AGAINST
CITY ON AWARD—WARRANTS IN SATISFACTION OF JUDGMENT—FUND
PROVIDED BY LOCAL ASSESSMENTS NOT ALL COLLECTED—TAKING POS-
SESSION BY CITY. After a city has condemned land the owners,
upon satisfying the judgment received by them for its value, and
presenting a transcript thereof pursuant to Bal. Code, § 5676, are
entitled to a warrant against the fund provided for the redemp-
tion of such warrants, and the city is not excused from issuing

[1]Reported in 75 Pac. 348.

such warrant by the fact that the fund therefor is not all collected, and that the city has not yet taken possession of the land.

SAME—DECREE A JUDGMENT—INTEREST.   In proceedings to condemn land under the right of eminent domain, the decree of condemnation is a judgment drawing interest at the legal rate.

SAME—INTEREST ON AWARD REGARDLESS OF TAKING POSSESSION—FAILURE TO DISCONTINUE WITHIN TWO MONTHS—ELECTION TO ABIDE BY AWARD.   A city can not escape payment of interest upon a decree for the value of land condemned by the fact that it has not taken possession of the land, where it has failed to discontinue the proceedings within two months as required by Bal. Code, § 822, since thereby it elects to abide by the award and appropriate the property.

SAME—INTEREST ON AWARD—RENTS AND PROFITS COLLECTED BY OWNERS TO BE DEDUCTED FROM INTEREST.   But where the owner has remained in possession of the land and received the rents and profits therefrom, he is not entitled to interest on the judgment until he makes an accounting and deducts the rents and profits received by him.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 2, 1903, upon sustaining a demurrer to affirmative defenses in an answer, in a proceeding for a mandamus to compel city officials to issue a warrant in satisfaction of a judgment against the city. Modified.

*Mitchell Gilliam* and *Hugh A. Tait,* for appellants.

*Sachs & Hale,* for respondents.

HADLEY, J.—The respondents in this appeal, who were the relators below, applied to the superior court for a writ of mandate directed to the respondents below, who are the appellants here. The affidavit in support of the application for the writ states, in substance, that on the 30th day of January, 1902, in an action entitled "In the Matter of the Petition of the City of Seattle, Condemnation Proceedings under Ordinance No. 6047, Rainier Avenue, Cause

No. 29,945," then pending in the superior court of King
county, such proceedings were had that a judgment was
rendered in favor of the relators, and against the petitioner
in the action, in the sum of $800 and costs of suit; that said
judgment has not been paid, in whole or in part, and no ap-
peal therefrom has ever been taken; that, after the time
when execution might have been issued on a like judgment
against a private person, to wit, on January 19, 1903, the
relators presented to the appellants a certified transcript of
the docket of said judgment, showing satisfaction thereof
duly entered; that the relators thereupon demanded of ap-
pellants, as the proper officers, that they should draw an or-
der upon the treasury of the city of Seattle and in favor of
relators for the amount of said judgment, which demand
was refused; that, at the time of the presentation of the
transcript of judgment, as aforesaid, there was in the treas-
ury of the city, in a fund known and designated as the
"Rainier Avenue Condemnation Fund, Ordinance No.
6047,"—it being the fund out of which said judgment
should properly be paid—more than sufficient money to
pay the judgment with interest, costs, and accrued costs.

The appellants, as respondents to the application in the
superior court, answered that the judgment mentioned in
relators' affidavit was rendered in a proceeding brought by
the city of Seattle, a city of the first class, under and by
virtue of the laws of the state of Washington relative to
the right of eminent domain in cities of the first class, and
in pursuance of an ordinance providing for the condemna-
tion of certain property to be used as a public street in
said city; that in said proceeding a judgment was rendered
against the city and in favor of one hundred and seventy-
seven owners, aggregating the total sum of $8,442.50, as
compensation for property taken or damaged, and in said

judgment it was ordered that said relators should recover the amount stated in their affidavit, as compensation to them for property taken or to be taken for use as a portion of said street; that the ordinance authorizing the condemnation proceeding provides that an assessment shall be made for the purpose of raising the amount necessary to pay the compensation and damages for property taken, and that such part, only, of such compensation or damages as is not finally assessed against the property benefited, shall be paid from the general fund of the city; that said judgment provides that, upon the payment to the judgment holders, or into the registry of the court, of the several amounts with costs, the city shall become the owner and entitled to the possession of the property described in the verdicts, for the uses and purposes mentioned. It is next alleged, that the city proceeded to assess the amount of benefits to property benefited, for the purpose of providing the fund to pay said compensation or damages; that the total amount assessed is $5,601.50, which sum the city is now proceeding to collect; that $3,248.09 has already been collected, and there remains to be collected upon the assessment roll the sum of $2,353.41; that the appellants refused to draw their warrant upon the treasurer of the city for the payment of said judgment for the sole and only reason that there is an insufficient amount collected upon said assessment roll, or in said improvement district fund, for the payment of the total amount of the judgment rendered in said condemnation proceedings; that they stand ready and willing, as soon as the amount of said assessment roll shall have been collected, to pay into court the sum so collected, together with a sum sufficient from the general fund of the city, to be paid out to the persons entitled to receive the same, as the court shall direct; that the city is not now, and never has

been, in possession of any part of the property belonging to the relators which was condemned in said proceeding, and for which they obtained said judgment; that the improvement for which said condemnation proceeding was had has not been commenced, and that relators are now, and at all times since the rendition of the judgment have been, in possession of the whole of their premises, and have enjoyed the beneficial use thereof.

To the answer, which is in substance stated above, the relators demurred on the ground that it does not state facts sufficient to constitute a defense. The demurrer was overruled. The appellants elected to stand upon their said answer, and refused to plead further. Judgment was thereupon entered, directing the issuance of the peremptory writ prayed. This appeal is from that judgment.

We have, somewhat at length, set out the averments in the pleadings in order that the points raised by the ruling on the demurrer may be more readily understood. Appellants contend that an award to one or more individual owners of property proposed to be taken, in a condemnation proceeding by a city of the first class, where the ordinance directing such proceeding provides for a local assessment, is not payable until the collection by the city of the entire amount of such local assessment. It is said by them that the constitution of the state, art. 1, § 16, gives the city the right to make payment into court. The following extract from that section is referred to as giving that right: "No private property shall be taken or damaged for public or private use without just compensation having been first made or paid into court for the owner, . . ." It is also stated that said provision is carried into effect by the statute wherever the subject of payment is mentioned, and attention is called to the fact that the judgment relied upon

here so provides. Reference is made to the statute author-
izing a condemnation proceeding of the kind above men-
tioned, as found in title 7, chapter 7, Bal. Code, which
treats of eminent domain in cities of the first class. It is
insisted that, under the provisions of the law, and also of
the judgment, the right to pay the several amounts into
court is given, and that it follows that the city has the
right to make the whole payment at once, which cannot be
done until after the collection of the whole local assess-
ment.

The argument, it seems to us, does not reach the real
point involved here. Respondents are not asking any direc-
tions to appellants touching the custodianship of this con-
demnation fund. They are asking only the issuance of a
warrant, drawn upon such fund, for the amount of their
judgment. When the moneys have once been paid into
such fund, they become a part of it, and must remain such
until applied to the purposes intended. The mere deposit
of the money in court, if done to carry out the purposes
of the fund, would not remove it from the fund. If the
city should insist upon the right to deposit the money in
court, it must be done in trust for the purposes of the fund,
and the surrender of the warrants drawn upon it would
doubtless be required as a condition precedent to individual
payments from such deposited fund.

The city may, however, satisfy this judgment as it does
any other when the holders are willing to accept satisfac-
tion in that manner. Following the provisions of §5676,
Bal. Code, respondents have caused said judgment to be
satisfied on the docket thereof, and have presented to appel-
lants a transcript showing the judgment and its satisfaction
of record. If the judgment is such as is contemplated by
the above section, then they are entitled to their warrant.
We see no reason why it is not such a judgment. It ad-

judges the recovery of the money or damages.   It is true the effect of the judgment, when the money is paid, is also to pass title to real estate, but it is none the less a judgment for the recovery of money.   Such an adjudication was expressly held to be a judgment in *Plum v. City of Kansas,* 101 Mo. 525, 14 S. W. 657, 10 L. R. A. 371.   It is provided by section 816, Bal. Code, as follows:

"All moneys received or collected by the treasurer upon assessments for any purpose authorized by this chapter shall be kept as a separate fund, and in nowise used for any other purpose whatever, except for the redemption of warrants drawn against such fund."

The above section applies to this fund, and we think in reason it is contemplated that warrants shall be drawn to the order of the several judgment holders in the condemnation proceedings.   When the transcript of the satisfied judgment is presented, and the warrant issued, the latter thereafter becomes the evidence of the city's obligation. It represents a liquidated sum, which the city is obligated to pay from a given fund.   We do not see that any confusion can arise as to the proper parties to receive payment, as suggested by appellants.   This is not a demand for cash, but for a warrant representing cash.   If the property holder were demanding cash before possession taken by the city, a different question would be presented as to his constitutional right to a money compensation as a condition precedent to such possession.   Appellants are, however, asking a warrant only, and we think it is their right to have it.

It is assigned that the court erred in directing the issuance of a warrant including interest on the amount of the judgment from the date thereof.   The first suggestion in support of this assignment is that the adjudication of condemnation and the award of damages is not a judg-

ment, within the purview of the statute allowing interest upon judgments. Laws of 1899, p. 129, § 6. What has already been said as to the judgment character of said adjudication answers the contention that it is not a judgment. Being a judgment, it must therefore draw interest at the rate of six per cent per annum from its date, under the concluding provision of the section cited.

It is further urged that § 776, Bal. Code, authorizes the city to provide the entire cost by local assessment, and that it is impossible for the commissioners making the assessment in such proceedings to determine the amount of interest that may become due the holders of the condemnation judgments, and provide for its payment by assessment. This argument is based upon the theory that the commissioners would have no means of determining when the assessments would be paid or collected, so as to make it possible to pay the awards to the property holders. A possible deficit of the kind mentioned would largely be covered by the ten per cent penalty, which must be added to the amount of the assessment upon the day of sale, under § 808, Bal. Code. If there are no delinquent payments, the amount of accumulated interest must be small, and if the sale of delinquent property is timely made, the penalty will largely meet the accumulated interest. In any event, the law authorizes, and the city in this instance provided, that whatever sum is not assessed against the property shall be paid by the city out of its general fund. That the judgment in question is such as bears interest from the date of its entry, see, *Alloway v. Nashville,* 88 Tenn. 510, 13 S. W. 123, 8 L. R. A. 123; *Plum v. City of Kansas, supra;* 2 Lewis, Eminent Domain (2d ed.), § 499; 3 Sutherland, Damages (2d ed.), § 1091.

It is, however, urged that the city has not yet taken possession of the condemned property, that appellants have had the benefit of the use thereof, and should therefore not recover interest upon their award. Section 822, Bal. Code, provides that the city may, within two months from the date of the condemnation judgment, if no appeal be taken, discontinue the proceedings and pay the costs. Not having so discontinued the proceeding in question, it must be held that the city has elected to abide by the award and appropriate the property. It follows that, since the expiration of said two months' period, the appropriation has been complete, with the exception of actual satisfaction of the judgment and taking possession by the city, which it was at liberty to do at any time. The proceeding has, therefore, resulted in an obligation which is binding upon the city, and from which it may not withdraw, at least not without consent of the property judgment holders.

But may the judgment holder retain the rents and profits of the land, and for the same time recover interest upon the condemnation award? Respondents urge the following quotation from *Plum v. City of Kansas, supra,* as applicable to this point:

"The long delay in reaching the end of the condemnation case arose from the acts of other parties. During it the plaintiff remained in possession of the land, but his enjoyment and use thereof were not such as belonged to complete ownership. His tenure then, might be characterized as a sort of base or qualified fee, liable to be determined at any moment by the issue of the appellate proceedings. He could not, with any degree of confidence, improve the property, or make any but the most transient agreements for its use. He could not dispose of it except subject to the paramount public easement which had become impressed upon it. So far as concerned his bene-

ficial rights as owner, the judgment of condemnation amounted to the 'taking' of the property for public use, and the price for such taking then became justly due him."

It will be observed that the above quoted argument goes only to the point that, under the circumstances detailed, the condemnation judgment amounted to a taking, and the owner was entitled to the price for such taking, but it does not say that interest on that price may be collected without accounting for rents when the owner remains in possession.

In that case it was held, as we have seen, that the judgment of condemnation draws interest, but there, as in the case at bar, the owner remained in possession for a time, and the court expressly held that it would be inequitable to permit him to recover interest and at the same time retain the benefits of the possession held by him, meanwhile, as trustee for the city. The landholder sought to enjoin the city from taking possession without paying lawful interest from the date of the award of damages. The court stated that before obtaining relief he should do equity, and should account for rents and profits which accrued to him after the condemnation. Thus, in a measure, the rents and profits were held to offset the interest. But that the one was the necessary legal equivalent of the other was not held. Neither can it be so held here. The rate of interest upon the judgment is fixed by law, but the value of rents and profits depends upon market conditions. We think the rule followed in the Missouri case cited is eminently just, and under that rule the respondents here are not entitled to a warrant including interest, inasmuch as there has been no accounting for rents and profits. If an accounting were here, and an excess of interest over rents appeared, respondents would be entitled to have such excess in-

·cluded in their warrant. On an accounting, however, the city would not be entitled to deduct from the face of the judgment any excess of rents over interest, for the reason that no express contract to pay any sum as rent exists, and since the city has voluntarily permitted the use and occupation, it ought not to be heard to demand a sum in excess of its own fixed interest obligation in the premises. Respondents therefore are now entitled to a warrant for the face amount of their judgment.

The judgment is sustained as far as it relates to the principal sum of the condemnation judgment, but it should be modified to the extent of excluding from the warrant interest upon the judgment. The cause is therefore re-manded, with instructions to modify the judgment in accordance with what is said above. Appellants shall recover costs.

ANDERS, MOUNT, and DUNBAR, JJ., concur.