[No. 5297.    Decided April 7, 1905.]

PORT ANGELES PACIFIC RAILROAD COMPANY, *Appellant,*
v. FRED A. COOKE *et al., as Trustees etc.,*
*Respondents.*[1]

APPEAL AND ERROR—DECISION—RECALL OF REMITTITUR—DILIGENCE. The supreme court has power to recall its remittitur and correct a judgment entered by inadvertence or mistake, and a motion filed for that purpose December 27, to correct a remittitur sent down November 2, is made with due diligence.

EMINENT DOMAIN—ELECTING TO ABANDON PROCEEDINGS—LIABILITY FOR DAMAGES AWARDED. Where the petitioner in condemnation proceedings has not taken possession of the land, it may elect to abandon the proceedings and is not liable for the damages awarded.

SAME—DECISION ON APPEAL—AFFIRMANCE OF AWARD—RECALLING REMITTITUR—ABANDONMENT OF PROCEEDINGS AFTER APPEAL. Upon dismissing an appeal from an award of damages in condemnation proceedings, for want of prosecution, judgment of affirmance for the amount of the award should not be ·ordered against the petitioner and its surety on the appeal bond, where the petitioner has not taken possession of the condemned property, and the record fails to show any decree of appropriation; and, upon a showing that the petitioner elects to abandon the condemnation,

[1]Reported in 80 Pac. 305.

the supreme court will recall its remittitur and correct a judgment entered for the award, and limit the same to the costs of the appeal.

SAME—BOND ON APPEAL—PRESUMPTION AS TO ABANDONMENT. Upon an appeal from an award of damages in condemnation proceedings, where there was no decree of appropriation, the appeal bond under Bal. Code, § 5646, is necessary to perfect the appeal, and does not assume that the petitioner desires to proceed with the condemnation, nor preclude the abandonment thereof.

Appeal by plaintiff from a judgment of the superior court for Clallam county, Hatch, J., entered August 12, 1903, upon the verdict of a jury, awarding damages for land appropriated under the right of eminent domain. Motion to recall remittitur. Granted.

*James Stewart* and *Wilshire & Kenaga,* for appellant.

*Trumbull & Trumbull,* for respondents.

CROW, J.—This action was originally commenced in the superior court of Clallam county, by appellant as petitioner, for the purpose of condemning a right of way for appellant's use over certain real estate belonging to respondents. Upon trial without a jury, the court ascertained the separate damages sustained by the several respondents, and entered judgment for said damages as follows: (1) In favor of the Port Angeles Land and Trust Company and the Port Angeles Townsite Improvement Company, for $50; (2) in favor of the Filion Mill and Lumber Company, in the sum of $256, for land and timber sought to be appropriated; (3) in favor of the Filion Mill and Lumber Company, in the further sum of $1,200 for damages resulting from its inability to cross said right of way at grade. The petitioner appealed only from that portion of said judgment awarding the item of $1,200 damages to the Filion Mill and Lumber Company. A bond was given upon said appeal in accordance with the

provisions of section 10 of the eminent domain act, being
Bal. Code, § 5646. Appellant having failed to prosecute
its appeal, respondents made a motion to dismiss the same,
which motion was granted by this court, no opinion being
filed. Upon said dismissal, an order of this court was
entered affirming the judgment of the lower court, and
directing judgment to be entered against appellant, and
also against the Fidelity and Deposit Company of Mary-
land, the surety upon the appeal bond, as follows:  (1)
In favor of the respondents the Port Angeles Land and
Trust Company and the Port Angeles Townsite Improve-
ment Company, in the sum of $50; (2) in favor of the
respondent the Filion Mill and Lumber Company in the
sum of $256, and also in the further sum of $1,200; (3)
in favor of all of said respondents for costs.

Appellant and the Fidelity and Deposit Company of
Maryland, the surety on the appeal bond, by motion, have
asked this court to recall the remittitur, and modify said
final judgment in the following respects:

First, by striking therefrom the words, "That the said
Port Angeles Land and Trust Company, and the Port
Angeles Townsite Improvement Company, have and recov-
er of the said appellant and from the Fidelity and Deposit
Company of Maryland, surety, the sum of $50, with
interest from Aug. 12, 1903;" second, by striking there-
from the words, "That the Filion Mill and Lumber Com-
pany recover of said appellant and said surety the sum of
$256, and the further sum of $1,200 with interest from
Aug. 12, 1903;" third, by changing the portion of said
judgment, reading as follows, "and that said respondents
recover the costs of this action taxed and allowed at
$32.40," so that the same shall read, "and that respondent
Filion Mill and Lumber Company recover costs of this
action taxed at $32.40."

Respondents have objected to the hearing of said motion for the reason that it is now too late for this court to recall the remittitur or modify the judgment. The remittitur on the order of dismissal was sent down from this court, on the 2nd day of November, 1904, and appellants filed their motion to modify said judgment on the 27th day of December, 1904. In *Titlow v. Cascade Oatmeal Co.*, 16 Wash. 676, 48 Pac. 406, this court, in commenting upon a motion of this character, said:

"An objection to this motion is made by the appellant to the effect that this court has lost jurisdiction of the cause and of the judgment by reason of the remittitur having been transmitted to, and filed in, the superior court. We think this objection is untenable. The appellate court has inherent power to correct its judgment during the terms in which the judgment was entered. The respondent, under our practice, has no notice of what the judgment is until it is remitted. The presumption must be that the judgment is entered in accordance with the opinion of the court, and it would be a hard and unjust rule to announce that, if by inadvertence or mistake the judgment should be entered not in conformity with the opinion, the respondent would have no redress. We think that in all jurisdictions, under a practice similar to ours, the court has power to recall the remittitur and enforce the judgment according to the opinion rendered in the case."

The motion to recall the remittitur and modify the judgment has been made with due diligence.

The judgment entered by the trial court from which the appeal was taken was not the ordinary judgment for recovery of money, as in a suit upon a money demand. After an adjudication of the necessity of appropriation provided for by Bal. Code, §5640, two further judgments are required in condemnation proceedings, under our eminent domain act, the first to be entered upon the verdict of the jury, or the findings of the court assessing the

damages, for the amount of said damages to be awarded the property owners. Bal. Code, §5641. If the petitioner pays into court the damages awarded, and takes possession of the property, then another judgment or decree of appropriation of the land, real estate, premises, right of way, or other property sought to be appropriated, is required, thereby vesting the title to the same in the corporation seeking to appropriate such land, real estate, right of way, or other property for corporate purposes. Bal. Code, §5642. There is nothing in this record to show that the second judgment or decree of appropriation was ever entered, and, in the absence of such showing, we cannot assume appellant has paid any money into court, or attempted to take possession of the right of way, or that it ever will do so. In fact, upon the hearing of this motion, a showing was made by appellant to the effect that it has abandoned the condemnation proceedings, and that it has not taken possession. This showing is not controverted by respondents. In *Bellingham Bay etc. R. Co. v. Strand,* 14 Wash. 144, 44 Pac. 140, 46 Pac. 238, this court held that, where a petitioner had taken possession of land upon the institution of condemnation proceedings, under the right of eminent domain, such proceedings could not be dismissed by the petitioner at any stage thereof, unless at the same time an abandonment of possession was also tendered. Mr. Lewis, in his work on Eminent Domain, in §656, says:

"The weight of authority undoubtedly is that, in the absence of statutory provisions on the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that, even after confirmation or judgment, the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded."

In this action no possession has ever been obtained by appellant, and, under such circumstances, it may abandon the condemnation proceedings, if it so elects. If the judgment heretofore ordered by this court upon the dismissal of the appeal be permitted to stand, without modification, it might compel appellant and the surety upon the appeal bond to pay respondents all damages awarded, and at the same time permit respondents to retain the property sought to be condemned. In any event, the judgment as ordered should not stand, for the reason that no appeal was taken from any award except the item of $1,200 in favor of the Filion Mill and Lumber Company.

This appeal is taken under the special provisions of 3 Bal. Code, § 5645; Laws 1901, p. 213. Said section provides that on an appeal being taken, ". . . in case a corporation appropriating such land, real estate, premises or other property is appellant, it shall give a bond like that prescribed in the next following section, to be executed, filed and approved in the same manner . . ." The next following section, 2 Bal. Code, § 5646, reads as follows:

"The construction of any railway surface tramway, elevated cable tramway, or canal, or the prosecution of any works or improvements by any corporation as aforesaid shall not be hindered, delayed or prevented by the prosecution of the appeal of any party to the proceedings: Provided, The corporation aforesaid shall execute and file with the clerk of the court in which the appeal is pending a bond to be approved by said clerk, with sufficient sureties, conditioned that the persons executing the same shall pay whatever amount may be required by the judgment of the court therein, and abide any rule or order of the court in relation to the matter in controversy."

It is contended by respondents that appellant must be held to have given the bond provided for by §5646, for the

reason that it desired to proceed with the construction of the railway, and the presumption arises that it has taken' possession and proceeded with such construction. We do not think this contention is necessarily correct. By reason of the provisions of §§ 5645, 5646, appellant was required to give the bond to perfect its appeal, whether it intended to proceed with the prosecution of its railway construction or not. Even conceding the undertaking to have been in form the bond required by said §5646, yet it is evident that, in this action, its purpose and its substance is that of an appeal bond only. We do not construe the judgment entered by the trial court as one for the unconditional payment of money. Appellant could be required to pay the damages awarded only upon its reaching a determination to take possession of the property under the condemnation proceedings. If, not having previously obtained possession, it determined to abandon the condemnation proceedings, it would be under no liability to pay the damages awarded. Judgment should not have been ordered upon the appeal bond against appellant and its surety for the damages awarded. The undertaking was a special appeal bond, required by the provisions of said §§ 5645 and 5646, not the supersedeas bond contemplated by Bal. Code, § 6506.

The motion of appellant will be granted, the remittitur will be recalled, and the order and judgment of this court will be so modified as to direct a judgment to be entered by the superior court, against appellant and the surety upon the appeal bond, for the costs taxed in this court, said judgment to run in favor of the Filion Mill and Lumber Company only.

MOUNT, C. J., ROOT, HADLEY, FULLERTON, and RUDKIN, JJ., concur.