[No. 9028.   Department Two.   December 20, 1910.]

NORTH COAST RAILROAD COMPANY, *Respondent*, v. W. J. AUMILLER *et al.*, *Appellants*.[1]

EMINENT DOMAIN—STATUTES—CONSTRUCTION.   The statutes of eminent domain are to be strictly construed.

SAME—JUDGMENT ON AWARD — TIME FOR ENTRY — ABANDONMENT. After an award of damages in eminent domain, judgment need not be entered immediately, but the petitioner has a reasonable time within which to elect whether to abandon the proceedings or appropriate the property.

SAME—COMPENSATION—AWARD—INTEREST.   Under Const., art. 1, § 16, requiring full compensation for private property condemned, the award of damages in eminent domain proceedings draws interest from the date of the rendition of the verdict to the time of entry of the judgment, where the owners, remaining in possession of the premises, received no rents or profits and were unable to rent the property because of the award.

Appeal by defendants from a judgment of the superior court for Yakima county, Preble, J., entered June 17, 1910, upon the verdict of a jury awarding damages in proceedings to condemn property for a railroad right of way.   Reversed.

*James O. Cull*, for appellants.

*Danson & Williams* and *H. J. Snively*, for respondent.

DUNBAR, J.—This action was brought by the respondent, a railroad company, under the eminent domain statutes, to appropriate certain property of the appellants for a right of way.   An order of necessity was adjudged, and the case

[1]Reported in 112 Pac. 384.

was tried to a jury on the question of damages sustained by the appellants, which resulted in a verdict in their favor in the sum of $15,000. This verdict was entered on the 13th day of May, 1910. On the 17th day of June, 1910, respondent applied to the court for the entry of judgment and final decree of condemnation, which was obtained and entered. This judgment did not provide for the payment to appellants of interest on the amount of the award from the date of entry of verdict to the date of payment of judgment, and it is upon this refusal of the court to enter judgment for that amount that this appeal is taken, and the only question involved is whether a landowner, in case of appropriation of his property by a railway corporation under the power of eminent domain, is entitled to interest on the amount of damages awarded by the jury from the date of the award or entry of verdict until the final judgment of appropriation.

Section 16, art. 1, of the constitution of the state of Washington, provides, among other things, that no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner. It is well established that the powers of eminent domain are to be strictly construed, and that parties seeking it must not be allowed to encroach upon the individual rights beyond the scope of their authority; so that this question will be considered with reference to constitutional guaranty that full compensation must be paid into court for the owner. There is no requirement that the appropriator of the property shall cause judgment to be entered immediately upon the verdict assessing the damages, and under the rule announced by this court in *Port Angeles Pacific R. Co. v. Cooke*, 38 Wash. 184, 80 Pac. 305, the condemning party has a right to a reasonable time in which to make the election whether it will abandon the proceedings or appropriate the property. In *Port Angeles Southern Co. v. Barbare*, 46 Wash. 275, 89 Pac. 710, it was held that a corporation had a reasonable

time to make its decision in this regard.    Conceding this
right, the least that it can do in good conscience is to give
the owner the benefit of the value of the award while it is
taking time to determine whether or not it will abide by the
award.   It having the advantage of an opportunity to retrace
its steps while the other party is irrevocably bound by the
award, we think that this is, at least, all the advantage which
should be accorded it, and that the property owner should
not be forced to bear a loss by reason of the transaction.

In this particular case the amount in controversy is small,
but the principle to be established might become important
in other cases.   In this case it is conceded that the owners
remained in possession of the property, but it is also a fact
that they offered to prove that they had received no rents,
issues, and profits from said property subsequent to the
award, and that they had been unable to rent the same be-
cause of the claim thereto of the petitioner in virtue of these
proceedings.    If this be true, and it must be taken to be
true, then it would seem that, not having the real benefit of
the land and not having the right to the use of the award,
there could be no question that full compensation was not
obtained by them.    The award of damages is somewhat in
the nature of a judgment.    In fact, it was held to be an
interest-bearing judgment, by this court, in *State ex rel,
Donofrio v. Humes*, 34 Wash. 347, 75 Pac. 348.   It is true,
as urged by the respondent, that there might be said to be
three separate and distinct judgments recognized in our
eminent domain proceedings: adjudication of the necessity
of the appropriation, judgment on the verdict or award of
damages, and judgment or decree of appropriation.    The
first, of course, simply establishes an antecedent right to
commence the proceedings.    The last is only the formal
announcement which necessarily follows, and gives legal effect
to, the real judgment, which embodies and decides the real
controversy between the parties, viz., the amount which is to
be paid.

But, whatever may be said of these more or less technical questions, the vital question is, what constitutes full compensation. Conceding that the possession remains in the landowner, it cannot be said with any degree of reason that the value of his possession is not impaired by the judgment of damages. Possession is only one of the elements of value in land. The right to rent, the right to sell, the right to improve, are all valuable rights which must in the nature of things be affected by this relation. If so, it conclusively follows that he has not received full compensation. As said by the court in *Lake Koen Navigation Res. & Irr. Co. v. McLain Land & Inv. Co.*, 69 Kan. 339, 76 Pac. 853:

"In condemnation appeals the issue is, what shall be full compensation? Interest is allowed merely as a means of securing such compensation. If, upon the condemnation of land, complete deprivation do not follow at once, still, further tenure is rendered precarious. Possession may be disturbed at any time, and all property rights are exercisable only under doubt and uncertainty as to their duration. If as a recompense for the loss attending this embarrassed use of the land, and this qualification of dominion over it pending the payment of the condemnation money, interest may be allowed."

Lewis on Eminent Domain, § 742 is as follows:

"Where damages are assessed for property to be afterwards taken, the award or verdict should include interest from the time with reference to which the damages are estimated, to be reduced by the value of the use of the property to the owner while he continues to have such use. As we have before observed, the estimating and payment of the compensation should be concurrent with the taking. As this is impossible in practice, a time must be selected with reference to which the compensation shall be assessed and to which the title will relate when the compensation is paid. This point of time must necessarily be before the compensation can be paid. Between that time and the payment the owner has only a qualified use of his property. He may use it as it is, but he cannot improve or sell it except subject to rights acquired by the condemnation. As his just compensation is withheld

from him, though necessarily, he should have an equivalent for such withholding, and that, in law, is legal interest."

In further discussing the question, it is said:

"It is true that, until the company actually takes possession, at the end of the proceedings, the owner has the legal right to possess and use the land. It cannot be assumed that the value of this legal right is equivalent to the interest on the assessed value of the land. From the time of the award, he is practically deprived of his right to dispose of the land. His possession is precarious, liable to be terminated at any time; he cannot safely rent, he cannot safely improve, if he sows he cannot be sure that he will reap. As he is not placed in this position by any act of his own, is not in as a wrong-doer, nor under any contract, there would be no justice in charging him with any assumed value of the use. Where the owner has actually derived benefit and value from his possession and use between the filing of the award and the assessment by the jury, the value of such possession and use may be ascertained by the jury and the amount of it deducted from the interest allowed."

This is also the rule laid down by Randolph on Eminent Domain, § 280, where it is said:

"Where the landowner is left in possession for a time after the date of valuation, the possession has been deemed equivalent to interest. In other decisions possession is not deemed equivalent to interest, as it is permissive only, and does not carry the right to improve the property save at the possessor's risk. The best rule is that which does not arbitrarily make possession equivalent to interest, but allows interest from the date of valuation, and reduces the amount by the estimated value of the possession."

And without further citation, the overwhelming weight of authority is to this effect. It is also to the effect that, inasmuch as the landowner has nothing to do but to receive full compensation before his land shall be taken, the question of whether the possession has been equal to interest on the award is a fact to be established affirmatively by the condemning party.

Under this rule, the judgment in this case will be reversed, and the court instructed to enter judgment for the additional interest demanded.

RUDKIN, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.