61 Wn.2d 199 (1963)
377 P.2d 431
In the Matter of the Petition of the SOUTHWEST SUBURBAN SEWER DISTRICT.
SOUTHWEST SUBURBAN SEWER DISTRICT, Petitioner and Relator,
v.
BURIEN GARDENS, INC. et al., Respondents,
THE SUPERIOR COURT FOR KING COUNTY, Theodore S. Turner, Judge, Respondent.[*]
No. 36554.
The Supreme Court of Washington, Department One.
January 3, 1963.
Monheimer, Schermer, Van Fredenberg & Smith, for petitioner and relator.
Lycette, Diamond & Sylvester, for respondents.
*200 This case was brought here by certiorari to review a permanent injunction in a sewer district's eminent domain proceeding.[1] Without deciding whether or not the petitioner in certiorari, Southwest Suburban Sewer District, a municipal corporation, was entitled to a certificate of public use and necessity in its statutory eminent domain proceeding, the trial court permanently enjoined the district from compelling the respondent property owner to connect its sewage system to that of the district until full and just compensation is made to the respondent owner for any taking or damaging to its property.
The respondent built and now owns 541 separate apartment units. Because there was no public sewer system available, respondent constructed its own. Thereafter, a public sewer district was organized, to which the apartment property was annexed, and a plan for a public sewer system was devised.
Pursuant to its resolution, the sewer district instituted a statutory eminent domain proceeding in which it petitioned for a decree of public use and necessity against the respondent apartment owner for a right of way for a sewer line with related easements.
This, the respondent owner, Burien Gardens, Inc., sought to enjoin because the eminent domain proceeding contemplated the appropriation of only a small fragment of its private system which would destroy the value of the remainder.[2]
*201 The trial court decided that the eminent domain proceeding could not proceed until the sewer district compensated the owner for the entire value of its private sewer system, including the portion not to be taken. The district contends that it is obliged to pay for only such portion of the private sewer system as it actually appropriates. The respondent owner, on the other hand, argues that, if part of the system is appropriated, the value of the remainder is completely destroyed.
However, this issue does not arise in the determination of whether or not the district is entitled to a certificate of public use and necessity, and to sustain the injunction now under review would completely disrupt the statutory scheme of eminent domain proceedings.
By RCW 56.08.010, sewer districts are authorized to exercise the eminent domain powers of cities, RCW, chapter 8.12, or, alternatively, that of corporations, RCW, chapter 8.20.[3]
[1] The various statutes relating to eminent domain are codified in title 8, RCW. Such proceedings are entirely statutory and are neither actions at law nor suits in equity, and the statutes are mandatory. We said, in State ex rel. White Pine Sash Co. v. Superior Court, 145 Wash. 576, 261 Pac. 110:
"Strictly speaking, a proceeding to condemn land, either for a public use or for a private way of necessity, is not an action at law or a suit in equity as those terms are commonly understood. In its nature, it is a proceeding sui generis. The right is to be exercised as the statute prescribes it shall be exercised; ..."
[2] All of our eminent domain statutes contemplate three separate judgments: (1) A decree of public use and necessity; (2) a judgment fixing the amount to be paid the *202 owner; and (3) a decree of appropriation transferring the title.
The statutory scheme was summarized in Public Util. Dist. No. 1 v. Washington Water Power Co., 43 Wn. (2d) 639, 641, 262 P. (2d) 976, as follows:
"... a completed action of eminent domain requires the entry of three separate and distinct judgments during the course of the proceeding. Chicago, Milwaukee & Puget Sound R. Co. v. Slosser, 82 Wash. 467, 144 Pac. 706 (1914); State ex rel. Grays Harbor Logging Co. v. Superior Court, 100 Wash. 485, 171 Pac. 238 (1918); State ex rel. Northwestern Electric Co. v. Superior Court, 27 Wn. (2d) 694, 179 P. (2d) 510 (1947).
"The first is a decree of public use and necessity. It is a judicial question whether the contemplated use be really public. Washington Constitution, Amendment No. 9. The second is a judgment fixing the amount of the award. The third is the final decree transferring title. State ex rel. Washington Water Power Co. v. Superior Court, 41 Wn. (2d) 484, 250 P. (2d) 536 (1952). It is apparent, from the procedural scheme of the condemnation acts, that each, in order, is a condition precedent to the entry of the subsequent judgment or judgments."
In order, each judgment is a prerequisite to the entry of each subsequent one. Until there is a decree determining that the contemplated use is a public one and, therefore, necessary, there is nothing to value. If the verdict fixing the damage is more than the petitioner desires to pay, such party has the right to abandon the proceeding and no decree of appropriation will be made and no change of ownership ensues. In State v. Calkins, 54 Wn. (2d) 521, 526, 342 P. (2d) 620, we said:
"In the case at bar the judgment fixing the award and the final decree of appropriation were combined, but the two are still legally distinct. As was pointed out in Public Utility Dist. No. 1 v. Washington Water Power Co., supra, it is necessary that each of the three judgments become final before a subsequent judgment can have any effect. In the present case the judgment fixing the amount of the award was never satisfied, because the relator did not pay the money into court for the owners as the judgment required.
*203 "It is apparent then that the decree of appropriation never vested title in the State. In State ex rel. Struntz v. Spokane County, 85 Wash. 187, 147 Pac. 879, the court stated:
"`Relators contend that the entry of this judgment on the award gave them a vested right to the money to which the subsequent action of the board could not deprive them. Under statutes such as ours, the rights of the parties are correlative. There can be no vested right in the one party until there is a vested right in the other; and since the condemning party can obtain no vested right in the land until it has paid the award, it follows that the other party can have no vested right in the award until by its payment title to the land is vested in the condemning party....' (Italics ours.)
"The condemning party has a right to abandon a condemnation action until title to the land vests in it. And, here, title to the land has never vested in the State."
[3] The quesion of public use and necessity is a judicial one. That was made plain in our recent decision in King Cy. v. Theilman, 59 Wn. (2d) 586, 593, 369 P. (2d) 503, in which the court said:
"Before the state may condemn private property, the proper authority must find that its acquisition is `... deemed necessary for the public uses of the state ...' (RCW 8.04.010) (Italics ours.), and the court must determine that its acquisition `... is really necessary for the public use of the state, ...' RCW 8.04.070. (Italics ours.)
"In State ex rel. Sternoff v. Superior Court, 52 Wn. (2d) 282, 325 P. (2d) 300 (1958), a condemnation action by the state, this court held that under RCW 8.04.070 there must be three basic findings before land can be condemned for public use: (1) that the use is really a public use; (2) that the public interests require it; and (3) that the property appropriated is necessary for the purpose. See State ex rel. Bremerton Bridge Co. v. Superior Court, 194 Wash. 7, 76 P. (2d) 990 (1938).
"The legislature gave counties the right to acquire private property by eminent domain when the Board of County Commissioners `... deems it necessary for county purposes ...' RCW 8.08.010. (Italics ours.)
"Upon a hearing, if the court
"`... shall be ... satisfied by competent proof *204 that the contemplated use for which the lands ... sought to be appropriated is a public use of the county, the court or judge thereof may make and enter an order adjudicating that the contemplated use is really a public use of the county, ...' RCW 8.08.040 (Laws of 1949, chapter 79, § 4).
"In view of our constitutional provision, quoted supra, we do not believe there is any difference between RCW 8.04.070, requiring the court to find that land acquisition `... is really necessary for the public use of the state, ...' and RCW 8.08.040 requiring the court to find `... that the contemplated use is really a public use of the county ...' (Italics ours.) See State ex rel. Flick v. Superior Court, 144 Wash. 124, 257 Pac. 231 (1927); State ex rel. McPherson Bros. Co. v. Superior Court, 148 Wash. 203, 268 Pac. 603 (1928) (Condemnation by counties); State ex rel. Tacoma School Dist. No. 10 v. Stojack, 53 Wn. (2d) 55, 64, 330 P. (2d) 567, 71 A.L.R. (2d) 1064 (1958), and cases cited."
[4] The trial court did not decide whether the contemplated use was a public one and necessary. The petitioner contends that it is; the respondent, on the other hand, contends that it is not. Respondent's argument is that no public purpose would be served by connecting its 541 dwelling units with the projected sewer of the relator's district because each of those apartments now has modern sewage service which is the equivalent or better than that of the contemplated public system, and that the added financial burden would benefit only the promoters of a projected bond issue. It is contended that the whole purpose is a bond selling scheme; that is, the bond issue promoters desire to have available, for bond repayments and interest, the revenue which the district will charge against the respondent for the contemplated sewer service, thus rendering its contemplated bond issue marketable. The issue of public use and necessity has not been decided, but it must be before there is a justiciable issue as to severance damage. This issue is not to be prejudiced by any attempt to compel respondent to connect its sewers with the public one prior to a final decree of appropriation.
The court did, however, with painstaking care, decide *205 that the extensive and modern private sewer system of the respondent owner would be rendered worthless if a fragment of it were appropriated and the apartments' sewers connected with the public system. It decided that, until the district paid for the whole private system, it could not continue its eminent domain proceeding. But, until the issue of public use and necessity is decided, the amount of compensation to which respondents are entitled is a phantom. If the court decides that the contemplated taking is not for a public use, the case is at an end. On the other hand, if the court decrees public use and necessity, then and only then will it be necessary to determine the extent of the severance damage, that is, whether or not the respondent property owner is entitled to compensation for that part of its sewage system not taken.
There can be no taking or damaging of the owner's property until the third stage is reached, that is, when the court enters a decree of appropriation transferring the title. Then, and then only, is there a taking. The transfer of title is dependent upon the payment of the judgment fixing the amount to be paid the owner for his property taken or damaged and that embraces the issue as to whether or not the respondent owner is entitled to severance damage for injury to the property not taken.
The injunction heretofore issued is dissolved, but the trial court will enjoin the Southwest Suburban Sewer District from taking any action to compel the Burien Gardens, Inc., to connect its apartments with the sewer system of the Southwest Suburban Sewer District until the final decree of appropriation, if there should be one.
Costs shall abide the final outcome of the case.
FINLEY, C.J., HILL, WEAVER, and ROSELLINI, JJ.
This opinion was prepared by the late Judge Harry Ellsworth Foster. It is adopted by the other judges of Department One as the opinion of the Court.
NOTES
[*] Reported in 377 P. (2d) 431.
[1] A decree of public use and necessity is not appealable but can be reviewed only by certiorari. King Cy. v. Theilman, 59 Wn. (2d) 586, 369 P. (2d) 503; Taylor v. Greenler, 54 Wn. (2d) 682, 344 P. (2d) 515; Public Util. Dist. No. 1 v. Washington Water Power Co., 43 Wn. (2d) 639, 262 P. (2d) 976; State ex rel. Northwestern Elec. Co. v. Superior Court, 27 Wn. (2d) 694, 179 P. (2d) 510.

For an early history of the issue in Washington, see Vivian M. Carkeek, The Law of Eminent Domain of the State of Washington (1904).
[2] "... (1) there is no necessity for the appropriation, and the public interest does not require it; (2) the district has no authority to condemn for the purpose of furnishing sewers to inhabitants of the district who already have adequate or superior sewer systems of their own; and (3) the present condemnation suit covers only a right of way for the sewer line and pump station, but its effect will be to take the entire sewage disposal plant and other facilities not covered by the petition, without paying compensation therefor, in violation of respondent's constitutional rights...."
[3] The district has not yet elected under which statute it will proceed, but this is not important because both schemes are the same. State ex rel. Northwestern Elec. Co. v. Superior Court, supra, dealt with RCW 8.12, and Taylor v. Greenler, supra, dealt with RCW 8.20.