[No. 42231.    En Banc.    December 14, 1972.]

*In the Matter of the Petition of the* CITY OF SEATTLE. THE CITY OF SEATTLE, *Appellant,* v. SEATTLE-FIRST NATIONAL BANK *et al., Respondents.*

*A. L. Newbould, G. Grant Wilcox,* and *Donald H. Stout,* for appellant.

*Monheimer, Schermer, Van Fredenberg & Smith,* by *J. Dimmitt Smith,* and *Stephen P. Ryder,* for respondents.

HUNTER, J.—This is an appeal from a supplemental judgment of the trial court granting interest on a condemnation award to the defendant condemnees where the condemnation proceedings were discontinued by the condemnor pursuant to RCW 8.12.530.

As a background to the present action, the record shows that after failing in its attempted negotiated acquisition, the plaintiff (appellant), City of Seattle, instituted condemnation proceedings to acquire a 90-acre tract of beach and tideland property at the southerly tip of Magnolia Bluff in Seattle belonging to the defendants (respondents). The city's largest offer prior to trial was $660,000. On May 5, 1970, the jury found the value of the tract to be $3,000,000, and, on May 12, 1970, judgment was entered upon that verdict. The city filed a notice of appeal on June 4, 1970, from the judgment entered on the jury verdict, but later voluntarily abandoned the appeal as well as the condemnation itself.

Prior to abandonment and following a hearing in July 1970, the trial court, on September 14, 1970, awarded defendants $443,974.38 for their attorneys' fees and expert witnesses' fees pursuant to RCW 8.25.070. That award was affirmed on appeal by this court on August 5, 1971. *See In re Seattle,* 79 Wn.2d 490, 487 P.2d 777 (1971). On November 10, 1970, upon the city's motion authorized by appropriate ordinances, the trial court entered an "Order Dismissing Eminent Domain Proceedings Pursuant to RCW 8.12 .530." The city paid into court certain costs and other assessments which are not contested. In its order, the trial court retained jurisdiction to determine the amount of interest due, if any, upon the rejected condemnation award, and set a hearing therefor on November 30, 1970. Following the hearing, the court, by memorandum decision

on February 11, 1971, indicated its intention to award interest upon the rejected condemnation award to the defendants. This intention was reaffirmed in a subsequent memorandum decision on June 30, 1971, and, on August 19, 1971, a supplemental judgment to that effect was entered by the trial court. The city appeals from this award.

The award of interest in the instant appeal was computed on the condemnation award of $3,000,000 at 6 percent per annum from the date of rendition of the verdict to the date of entry of the judgment thereon, based on RCW 8.28.040, and at the rate of 8 percent per annum from the date of judgment to the date of rejection of the award, based on RCW 4.56.010. The total amount of interest due was determined to be $122,464.98. In addition, the court awarded interest at the rate of 8 percent per annum upon the sum determined by the above computations from the date of discontinuance "until paid."

The statutes relevant to our discussion of the instant case are as follows:

[RCW] 8.12.530[1] . . . At any time within six months from the date of rendition of the last judgment awarding compensation for any such improvement in the superior court, or if any appeal be taken, then within two months after the final determination of the appeal in the supreme court, any such city may discontinue the proceedings by ordinance passed for that purpose before making payment or proceeding with the improvement by paying or depositing in court all taxable costs incurred by any parties to the proceedings up to the time of such discontinuance. If any such improvement be discontinued, no new proceedings shall be undertaken therefor until the expiration of one year from the date of such discontinuance.

[RCW] 4.56.110 . . . Interest on judgments shall accrue as follows:

(1) Judgments founded on written contracts, providing for the payment of interest until paid at a specified rate, shall bear interest at the rate specified in such contracts, not in any case, however, to exceed ten percent

---

[1]Amended by Laws of 1971, ch. 81, § 40, p. 216.

per annum: *Provided,* That said interest rate is set forth in the judgment.

(2) Except as provided under subsection (1) of this section, judgments shall bear interest at the rate of eight percent per annum from the date of entry thereof: *Provided,* That in any case where a court is directed on review to enter judgment on a verdict or in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered: *Provided, however,* That in any case where notice of appeal or petition for writ of review is filed prior to June 12, 1969, interest shall accrue from the date of entry of judgment and shall not date back to the date the verdict was rendered.

[RCW] 8.28.040 . . . Whenever in any eminent domain proceeding, heretofore or hereafter instituted for the taking or damaging of private property, a verdict shall have been returned by the jury, or by the court if the case be tried without a jury, fixing the amount to be paid as compensation for the property so to be taken or damaged, such verdict shall bear interest at the rate of six percent per annum from the date of its entry to the date of payment thereof: *Provided,* That the running of such interest shall be suspended, and such interest shall not accrue, for any period of time during which the entry of final judgment in such proceeding shall have been delayed solely by the pendency of an appeal taken in such proceeding.

The city's contentions raise the following single issue: Whether, upon discontinuance of condemnation proceedings pursuant to RCW 8.12.530, interest may be awarded upon a condemnation award from the date of rendition of the verdict to the discontinuance of said condemnation proceedings.

It first should be remembered that Const. art. 1, § 16, provides, in part:

No private property shall be taken *or damaged* for public or private use without just compensation having been first made . . .

(Italics ours.)

■ Property in a thing includes an unrestricted right of use. In *Ackerman v. Port of Seattle,* 55 Wn.2d 400, 348 P.2d 664, 77 A.L.R.2d 1344 (1960), we quoted from *Spann v. Dallas,* 111 Tex. 350, 355, 235 S.W. 513, 19 A.L.R. 1387 (1921), as follows, at page 409:

> "Property in a thing consists not merely in its owner-ship and possession, but in the *unrestricted right of use, enjoyment and disposal.* Anything which destroys any of these elements of property, to that extent destroys the property itself. The substantial value of property lies in its use. If the right of use be denied, the value of the property is annihilated and ownership is rendered a bar-ren right."

(Italics ours.)

■ The rule has long been established in Washington that an award in condemnation bears interest under our statutes from the date of the verdict, subject to an offset of the accrued interest by any rents and profits accruing from the property, on the theory that an award of interest is equivalent to damages for interference with the unre-stricted use of the condemnee's property by the condemnor prior to the entry of the decree of appropriation. *See State ex rel. Donofrio v. Humes,* 34 Wash. 347, 75 P. 348 (1904); *North Coast R.R. v. Aumiller,* 61 Wash. 271, 112 P. 384 (1910); *PUD 1 v. Washington Water Power Co.,* 20 Wn.2d 384, 147 P.2d 923 (1944); *In re Municipality of Metropoli-tan Seattle,* 67 Wn.2d 923, 410 P.2d 790 (1966).

The theory that interest is the equivalent of an award in lieu of damages for interference by the condemnor with the unrestricted right of use of a condemnee's property, prior to a decree of appropriation, was enunciated in this state in the early case of *North Coast R.R. v. Aumiller, supra.* We there stated at page 272:

> There is no requirement that the appropriator of the property shall cause judgment to be entered immediately upon the verdict assessing the damages, and under the rule announced by this court in *Port Angeles Pacific R. Co. v. Cooke,* 38 Wash. 184, 80 Pac. 305, *the condemning party has a right to a reasonable time in which to make*

*the election whether it will abandon the proceedings or appropriate the property. . . . Conceding this right, the least that it can do in good conscience is to give the owner the benefit of the value of the award while it is taking time to determine whether or not it will abide by the award. It having the advantage of an opportunity to retrace its steps while the other party is irrevocably bound by the award, we think that this is, at least, all the advantage which should be accorded it, and that the property owner should not be forced to bear a loss by reason of the transaction.*

. . . The award of damages is somewhat in the nature of a judgment. In fact, it was held to be an interest-bearing judgment, by this court, in *State ex rel. Donofrio v. Humes,* 34 Wash. 347, 75 Pac. 348. It is true, as urged by the respondent, that there might be said to be three separate and distinct judgments recognized in our eminent domain proceedings: adjudication of the necessity of the appropriation, judgment on the verdict or award of damages, and judgment or decree of appropriation. The first, of course, simply establishes an antecedent right to commence the proceedings. The last is only the formal announcement which necessarily follows, and gives legal effect to, the real judgment, which embodies and decides the real controversy between the parties, viz., the amount which is to be paid.

But, whatever may be said of these more or less technical questions, *the vital question is, what constitutes full compensation. Conceding that the possession remains in the landowner, it cannot be said with any degree of reason that the value of his possession is not impaired by the judgment of damages. Possession is only one of the elements of value in land. The right to rent, the right to sell, the right to improve, are all valuable rights which must in the nature of things be affected by this relation. If so, it conclusively follows that he has not received full compensation.* As said by the court in *Lake Koen Navigation Res. & Irr. Co. v. McLain Land & Inv. Co.,* 69 Kan. 339, 76 Pac. 853:

"In condemnation appeals the issue is, what shall be full compensation? Interest is allowed merely as a means of securing such compensation. If, upon the condemnation of land, complete deprivation do not follow at once, still, further tenure is rendered precarious. Possession may be disturbed at any time, and all property rights are

exercisable only under doubt and uncertainty as to their duration. If as a recompense for the loss attending this embarrassed use of the land, and this qualification of dominion over it pending the payment of the condemnation money, interest may be allowed."

(Italics ours.) And at page 274, we quoted from *Lewis on Eminent Domain* § 742, as follows:

". . . As his just compensation is withheld from him [condemnee], though necessarily, he should have an equivalent for such withholding, and that, in law, is legal interest."

And in the case of *In re Municipality of Metropolitan Seattle, supra,* we held that interest from the date the verdict in a condemnation case is filed, computed upon the total award until paid into court, affords just compensation for any additional damages based on delay. In that case, we quoted at page 932 from the concurring opinion of Judge Beals in *PUD 1 v. Washington Water Power Co., supra,* as follows:

The property owner is certainly always damaged, to some extent at least, by the fact that a proceeding in condemnation has been instituted, and *his beneficial use of the property is further impaired when the value of the land being condemned has been fixed by the verdict. From that time until the amount of the award is paid and possession of the property taken by the condemner, the value of the property to the owner is manifestly greatly lessened. The allowance of interest on the award covers, to a greater or less extent, such damages, which in most cases cannot be accurately determined. The allowance is not strictly interest, but represents a fair equivalent to the owner for the damage suffered.*

(Italics ours.)

The rule for the award of interest in lieu of damages is concisely stated in Judge Beals' concurring opinion, at page 401:

The award, until paid and possession taken by the condemner, represents the amount the property owner shall receive for his land. Until he receives payment of the

award, he should receive interest by way of damages for the delay in payment, but, if during this period he puts the land to profitable use, the amount of interest to be paid should be reduced *pro tanto*. If the income from the land exceeds the amount of interest, then the property owner should retain all of the income, but should receive no interest.

*PUD 1 v. Washington Water Power Co.*, 20 Wn.2d 384, 147 P.2d 923 (1944).

■ We find that where a condemnation proceeding is discontinued or abandoned pursuant to RCW 8.12.530, the right of the property owner to an award of interest in lieu of damages prior to the time of discontinuance, is not affected thereby. We adhere to the established rule in this state that the imposition of interest on a condemnation award is a fair equivalent to the property owner for the damage suffered during the interim between the verdict and discontinuance of the condemnation proceeding, subject to an offset of the accrued interest by any rents and profits accruing to the property owner.

It is not contended that the defendants have received any rents or profits while in possession of the condemned property prior to the abandonment by the city. The defendants are entitled, therefore, to the award of interest without any offsets therefrom.

■ The city contends, however, that the verdict and judgment fixing the award of compensation in a condemnation action are not final orders and do not therefore bear interest until the entry of the order of appropriation when the title to the land vests in the condemnor. The city attempts to support this contention by citing *In re Southwest Suburban Sewer Dist.*, 61 Wn.2d 199, 377 P.2d 431 (1963); *State v. Calkins*, 54 Wn.2d 521, 342 P.2d 620 (1959); *PUD 1 v. Washington Water Power Co.*, 43 Wn.2d 639, 262 P.2d 976 (1953); *State ex rel. Struntz v. Spokane County*, 85 Wash. 187, 147 P. 879 (1915); *In re Twelfth Ave. S.*, 74 Wash. 132, 132 P. 868 (1913). These cases are not apposite as they do not deal with the issue of a taking of a property right of

a condemnee, subsequent to the condemnation verdict and judgment, by the resulting interference of the condemnor with the condemnee's unrestricted use of his property, during the period of the condemnor's unilateral determination of whether or not he will abandon the condemnation proceedings.

The city argues that in the case of abandonment of a condemnation proceeding, the property owner is deemed compensated by the retention and enjoyment of his property. The city cites *State ex rel. Willapa Elec. Co. v. Superior Court,* 196 Wash. 523, 83 P.2d 742 (1938), in support thereof. This statement constitutes the minority view which is not followed in this state. Upon further examination of that case, we find that the language seemingly to such effect is obiter dictum, which incorrectly cites as supporting authority *North Coast R.R. v. Aumiller,* 61 Wash. 271, 112 P. 384 (1910).

The city cites *Capistrano Union High School Dist. v. Capistrano Beach Acreage Co.,* 188 Cal. App. 2d 612, 10 Cal. Rptr. 750 (1961), in support of its argument that upon abandonment of eminent domain proceedings subsequent to a verdict or judgment fixing the amount of compensation, the landowner has no right to interest thereon absent express provision therefor in the statutes. The case is inapposite and not controlling in that the California code expressly makes the judgment entered on the jury verdict interlocutory for a short length of time and it therefore it not an interest bearing award.

The city contends that RCW 8.12.530, under which authority the city rejected the condemnation award and discontinued the proceedings, does not provide for the imposition of interest upon a rejected condemnation award, and, since eminent domain is entirely a creature of statute and there are no other statutes authorizing the imposition of interest upon a rejected condemnation award, that therefore the trial court is without authority to make such an award. We find no merit to this contention.

In the instant case, a jury verdict, fixing just compensa-

tion for the property to be taken, was rendered on May 5, 1970. On that date interest at the rate of 6 percent per annum began accruing thereon pursuant to RCW 8.28.040, which specifically provides for interest upon a verdict fixing the amount of compensation in an eminent domain proceeding. A judgment was entered upon the verdict on May 12, 1970. Pursuant to RCW 4.56.110, the general interest on judgments statute, the judgment in the instant case bears interest at the rate of 8 percent per annum as provided therefor in the statute. We do not find that RCW 8.12.530, providing for the discontinuance of condemnation proceedings, contains any provision which operates to negate upon abandonment the accrual of interest on such verdicts or judgments; nor do we find any other statute which so provides. Interest as set forth above, therefore, was properly awarded by the trial court.

█ The city contends that the interest should be suspended during the pendency of its appeal under the proviso of RCW 8.28.040. This contention is without merit as applied to the facts of this case, since the appeal was voluntarily withdrawn by the interposition of the city's motion to dismiss the appeal at the time of its election to abandon the condemnation proceedings. Under ROA I-19, where there is a voluntary dismissal of an appeal, the appeal shall be considered as never having been taken; therefore, the suspension of interest under the proviso of the statute is not operative.

For the reasons heretofore stated, the judgment of the trial court is affirmed.

FINLEY, ROSELLINI, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied February 20, 1973.