[No. 9245–6–I.   Division One.   June 7, 1982.]

RICHARD HENRY JOHNSON, *Appellant,* v. SHIRLEY LOUISE JOHNSON, *Respondent.*

*John Woodley,* for appellant.

*Bernice Jonson,* for respondent.

WILLIAMS, J.—Richard Johnson's appeal from the court's order denying modification of maintenance payable to Shirley Johnson, his former wife, under a decree of dissolution in 1976 raises an issue concerning changed financial circumstances resulting from the sale of the family home as a justification for modifying maintenance pursuant to RCW 26.09.170.

The facts are these: The decree awarded the family home to Mrs. Johnson and provided for monthly maintenance payments to her until December 1979, or upon her remarriage or death. In July 1979, Mrs. Johnson sold the home for $444,000, receiving $97,000 as down payment with the balance payable at $3,300 per month beginning August 15, 1979. She then purchased a smaller residence with a down payment of $70,000 and monthly payments of $934.00. The amount relevant to this action is $1,800 per month for 6 months. The decree is silent as to modification.

The court found:

[T]hat there has not been a showing of substantial change of circumstances such as to justify modification of the open maintenance award as agreed upon and provided for in the Decree of Dissolution. These parties were married for more than 20 years; the maintenance amount sum was reasonable and proper and was not unreasonable; the time over which maintenance was to be paid was limited; the family residence was maintained for the purpose of keeping the children as stable as possible by having them remain in the same physical location; it was maintained as long as the children were living there; it was implicit within the contemplation of the parties that when the children of the parties left home there would no longer be the physical and emotional need for the use of said residence; that the respondent wife would sell the family residence. Petitioner through his stipulation that

he has the ability to pay has foreclosed to the court the determination as to how much ability he has to pay maintenance to the petitioner, or whether the petitioner's assets awarded to him have increased by reason of inflation, or have been sold. It would be a dangerous position to modify the maintenance on the ground that the residence awarded to the wife has been converted into cash and therefore there is no longer any need for maintenance. This would inundate the Court, especially with appreciation now being realized by reason of inflation. The petition to modify should be denied.

Finding of fact 4.

■■ Unless there is an agreement to the contrary, the court may only modify maintenance upon a showing of a substantial change of circumstances that was not within the contemplation of the parties at the time the decree was entered. *Wagner v. Wagner,* 25 Wn. App. 439, 607 P.2d 1251, *rev'd,* 95 Wn.2d 94, 98, 621 P.2d 1279 (1980); *Lambert v. Lambert,* 66 Wn.2d 503, 508–10, 403 P.2d 664 (1965). When the parties agreed in the property settlement that the family home was to be awarded to Mrs. Johnson, it was contemplated that it would be sold when the children left for college. Also, as a general proposition, it is understood that implicit in ownership of an asset is the probability that it will eventually be sold; the right to sell an asset is incident to the right of ownership. *In re Seattle,* 81 Wn.2d 652, 656, 504 P.2d 292 (1972); *Ackerman v. Port of Seattle,* 55 Wn.2d 400, 409, 348 P.2d 664, 669, 77 A.L.R.2d 1344 (1960), quoting *Spann v. Dallas,* 111 Tex. 350, 355, 235 S.W. 513, 514 (1921).

Although the price received for the home undoubtedly was a surprise, the financial impact upon Mrs. Johnson for the period of the last 6 months of 1979 was minimal. The initial payment of $97,000, not the $200,000 alleged in the petition, was used for the down payment on the smaller home, income taxes, excise taxes, title insurance, escrow fees, and the like. The $3,300 monthly payment commencing August 15 was not net but gross and was likewise subject to income taxes, house payments and living expenses.

Considering all of the circumstances, the trial court cannot be said to have erred in denying the petition nor in awarding reasonable attorney's fees.

Attorney's fees on appeal are denied as the record is not perfected in accordance with RAP 18.1(c).

Affirmed.

JAMES and SWANSON, JJ., concur.