[No. 12344.    Department One.    September 30, 1914.]

THE STATE OF WASHINGTON, *on the Relation of A. J. Davis, Plaintiff*, v. THE SUPERIOR COURT FOR COWLITZ COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—APPROPRIATION—FOR DIKING DISTRICT—REVIEW—APPEAL OR CERTIORARI. Certiorari, and not appeal, is the proper method of reviewing a judgment in the original proceeding awarding damages or assessing benefits for the appropriation of land for diking purposes, since under the special act governing that class of proceedings (3 Rem. & Bal. Code, § 4107) the only appeal allowed is in case of supplemental proceedings to subject new lands to assessment, the statute providing that judgment therein shall be supplemental to all original decrees, and that any party aggrieved may appeal from "any such judgment."

MOUNT, J., dissents.

Application filed in the supreme court September 19, 1914, for a writ of certiorari to review a judgment of the superior court for Cowlitz county, Darch, J., entered September 9, 1914, in favor of a diking district, notwithstanding the verdict of a jury rendered in favor of the defendant, in condemnation proceedings.    Writ granted.

*Hayden, Langhorne & Metzger*, for relator.

*Magill, McKenney & Brush*, for respondents.

[1]Reported in 143 Pac. 168.

Gose, J.—This is an application for a writ of certiorari to review a judgment *non obstante veredicto.* The action is an original proceeding by Diking District No. 2, of Cowlitz county, to appropriate certain property and to assess the damages and benefits resulting from the diking and improvement.

The court found that the improvement was practicable and conducive to the public health, welfare and convenience; that it will increase the value of the lands within the district for the purpose of public revenue; that the property sought to be appropriated was required and necessary for the establishment of the improvement; and that the appropriation was for a public use. Upon such findings, the court directed the summoning of a jury to assess the damages and benefits resulting from the improvement.

The relator thereupon answered, alleging that his property would be damaged by the construction of the proposed diking system in a sum certain. The jury assessed his damages at $5,000. Upon motion of the petitioners, a judgment *non obstante veredicto* was entered denying damages to the relator and fixing the assessment of the benefits to his land.

The proceeding was initiated by the filing of a petition by the diking district through its board of diking commissioners in pursuance of the provisions of Rem. & Bal. Code, § 4091 *et seq.* (P. C. 151 § 1). Rem. & Bal. Code, § 4107 (P. C. 151 § 33) contains the following provisions relating to an appeal:

"Every person or corporation feeling himself or itself aggrieved by *any judgment for damages or any assessment of benefits provided in this chapter,* may appeal to the supreme court of the state within thirty days after the entry of the judgment, and such appeal shall bring before the supreme court the propriety and justness of the amount of damage or assessment of benefit in respect to the parties to the appeal."

This section was amended by Laws of 1913, p. 267 (3 Rem. & Bal. Code, § 4107). Both the old section and the

amendatory section make provision for a supplemental proceeding for the purpose of subjecting new lands to assessment, and the amendatory act provides for equalizing the assessment originally made. Neither section has any application to an original assessment, except that § 4107, prior to its amendment, provided for an appeal, as shown in the excerpt from that section. The section as amended contains the following provision relating to appeals:

"Upon the return of the verdict of the jury, the court shall enter its judgment in accordance therewith, *as supplemental to the original decree,* or in case a petition in intervention be filed by the diking commissioners of some other district than that instituting the proceeding, *such judgment to be supplemental to all such original decrees,* and thereafter, all assessments and levies for the future maintenance of any dike or dikes described in *said judgment* shall be based upon the respective benefits determined and assessed against the respective tracts of land as specified in *said judgment.* Every person or corporation feeling himself or itself aggrieved by *any such judgment* may appeal to the supreme court within thirty days after the entry thereof, and such appeal shall bring before the supreme court the propriety and justness of the verdicts of the jury in respect to the parties to the appeal."

We have italicized portions of both sections for the purpose of simplifying the discussion.

A comparison of these provisions will disclose that § 4107 prior to its amendment authorized an appeal from any judgment for damages or any assessment of benefits "provided in this chapter." Whereas, as amended, it only authorizes an appeal by a party aggrieved "by any such judgment," that is, the judgment in the supplemental proceeding.

The rule is settled in this state that, where a statute authorizes a restrictive appeal in special proceedings, the general appeal statute does not apply. *Western American Co. v. St. Ann Co.,* 22 Wash. 158, 60 Pac. 158; *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 Pac. 673;

2—82 WASH.

*State ex rel. Port Townsend Southern R. Co. v. Superior Court*, 44 Wash. 554, 87 Pac. 814. In the case first cited, it was sought to review an order of appropriation by appeal. In holding that appeal did not lie, the court said:

"It is urged by the respondent that the appeal in this case cannot be entertained, for the reason that the statutory provision for an appeal in condemnation proceedings is limited to an appeal from the amount of damages. We think this view of the law is correct."

The statute there under review provided for an appeal from the judgment for damages, and provided that the appeal shall bring before this court "the propriety and justness of the amount of damages." This view has since been followed.

The respondents argue that an appeal lies, either under the amended statute, or under the general statute, and cite *Newell v. Loeb*, 77 Wash. 182, 137 Pac. 811, and *State ex rel. Nelson v. Superior Court*, 31 Wash. 32, 71 Pac. 601. The *Newell* case, was an eminent domain and special assessment proceeding under the commercial waterway statute, 3 Rem. & Bal. Code, § 8166a. This statute expressly provides for an appeal. See Id., § 8184-2. In the *Nelson* case, the statute there considered expressly provides for an appeal, as will be seen by reference to the opinion.

There being no provision for an appeal from a judgment in an original proceeding under the diking districts statute, certiorari lies. Rem. & Bal. Code, § 1002 (P. C. 81 § 1729); *Seattle & M. R. Co. v. Bellingham Bay & Eastern R. Co.*, 29 Wash. 491, 69 Pac. 1107, 92 Am. St. 907; *State ex rel. Alexander v. Superior Court, supra.*

Let the writ issue.

FULLERTON, MAIN, and PARKER, JJ., concur.

MOUNT, J. (dissenting)—It seems clear to me that the legislature by the amendment intended an appeal from any

judgment for damages. The words "any such judgment" were intended to refer to the judgment for damages both in the original and supplemental decrees.

I therefore dissent.