[No. 32500. Department One. November 6, 1953.]

PUBLIC UTILITY DISTRICT NO. 1 OF CHELAN COUNTY, *Petitioner*, v. THE WASHINGTON WATER POWER COMPANY *et al.*, *Respondents and Relators.*[1]

*Paine, Lowe & Coffin, Crollard & Crollard*, and *Metzger, Blair, Gardner & Boldt*, for respondents and relators.

*Harvey F. Davis, Earl W. Foster*, and *Weter, Roberts & Shefelman*, for petitioner.

[1]Reported in 262 P. (2d) 976.

WEAVER, J.—Is a decree of public use and necessity, entered under the condemnation statutes of this state, subject to modification on the grounds that new or changed conditions have come into existence since its entry?

October 30, 1945, public utility district No. 1 of Chelan county, a municipal corporation (to which we will refer hereafter as the "district"), filed a petition in eminent domain seeking condemnation of certain properties owned by The Washington Water Power Company. On November 19, 1948, after various motions and demurrers had been disposed of, the court entered a decree of public use and necessity, which was reviewed and affirmed by this court. It is this decree which relator seeks to modify. *State ex rel. Washington Water Power Company v. Superior Court*, 34 Wn. (2d) 196, 208 P. (2d) 849 (1949). An appeal to the United States supreme court was dismissed March 13, 1950, for want of a substantial Federal question. *State ex rel. Washington Water Power Company v. Superior Court*, 339 U. S. 907, 70 S. Ct. 572, 94 L. Ed. 1335 (1950). Subsequently, relator moved to dismiss the proceeding for want of prosecution. The motion was denied by the trial court. The denial of the motion to dismiss was affirmed by this court. *State ex rel. Washington Water Power Company v. Superior Court*, 41 Wn. (2d) 484, 250 P. (2d) 536 (1952). March 2, 1953, relator filed a petition to modify the decree of public use and necessity which had been entered by the trial court on November 19, 1948.

The court sustained a demurrer to the petition for modification and dismissed it with prejudice. It concluded, as a matter of law, that the issue raised by the petition was *res judicata*. The question is presented to this court by writ of certiorari.

The right to exercise the power of eminent domain is one which must be established by statute. The legislative body must not only confer the power but must also prescribe the method by which it is done. *Tacoma v. State*, 4 Wash. 64, 29 Pac. 847 (1892); *State ex rel. Mower v. Superior Court, ante* p. 123, 260 P. (2d) 355 (1953).

By statute, respondent district is authorized to condemn property

" . . . by the same procedure as is or may be provided by law for the exercise of the power of eminent domain by incorporated cities and towns . . ." Rem. Supp. 1945, § 11610 (b) [cf. RCW 54.16.020].

Although there are minor differences in the various procedural statutes, as they apply to the several types of authorities empowered to exercise the right of eminent domain (the statutes are collected in *State ex rel. Mower v. Superior Court, supra*), all of the statutes embrace the same procedural theory, namely, a completed action of eminent domain requires the entry of three separate and distinct judgments during the course of the proceeding. *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser*, 82 Wash. 467, 144 Pac. 706 (1914); *State ex rel. Grays Harbor Logging Co. v. Superior Court*, 100 Wash. 485, 171 Pac. 238 (1918); *State ex rel. Northwestern Electric Co. v. Superior Court*, 27 Wn. (2d) 694, 179 P. (2d) 510 (1947).

The first is a decree of public use and necessity. It is a judicial question whether the contemplated use be really public. Washington Constitution, Amendment No. 9. The second is a judgment fixing the amount of the award. The third is the final decree transferring title. *State ex rel. Washington Water Power Co. v. Superior Court*, 41 Wn. (2d) 484, 250 P. (2d) 536 (1952). It is apparent, from the procedural scheme of the condemnation acts, that each, in order, is a condition precedent to the entry of the subsequent judgment or judgments.

The problem of the instant case deals exclusively with the nature of the first judgment, the decree of public use and necessity entered November 19, 1948. It reads, in part, as follows:

" . . . it is

"ORDERED, ADJUDGED AND DECREED, that the contemplated taking by the petitioner, Public Utility District No. 1 of Chelan County, a municipal corporation, of the following described real and personal property, to-wit: . . .

[The description of the property covers nine pages. It includes the hydroelectric generating plant located at Chelan.] and the contemplated severing of said real and personal property from the remaining works, plants and facilities of the respondent, Washington Water Power Company . . . is a *public necessity*, and the court does further find, and

"It Is Ordered, Adjudged and Decreed that the contemplated use for which said real and personal property is sought to be taken and the damaging if any of property incident thereto is the generation and distribution of electricity by said Public Utility District No. 1 of Chelan County, for the purpose of supplying said District and the inhabitants thereof *and any other person including public and private corporations, within or without its limits, with electric current for all uses, and is a public use.*" (Italics ours.)

The heart of relator's contention is found in paragraph No. 3 of its petition to modify the decree of public use and necessity.

"That since the entry herein of the aforesaid decree of public use and necessity on the 19th day of November, 1948, the facts and circumstances with respect to the necessities of the petitioner for the taking of a portion of the properties sought to be acquired in this proceeding and the prospective use thereof by petitioner, have changed. That it is no longer necessary for the petitioner to acquire that portion of said properties constituting the respondents' Chelan hydroelectric generating plant situated on the Chelan River in Chelan County, Washington, constructed under Federal Power Commission Project License No. 637 . . . nor would said generating plant and related properties, if acquired herein, be used by petitioner primarily or principally for public use."

It is not necessary, for the purpose of this opinion, to set forth in detail the alleged change of facts and circumstances upon which the relator relies, except to point out that relator alleges:

"That the generating capacity so provided and now owned by petitioner [most of it acquired by the district *after* the decree of public use and necessity of November 19, 1948] is sufficient to supply all of the present and reasonably foreseeable future needs of the petitioner [district] . . ."

The relief sought by relator is that

". . . the Court after hearing, enter its order and decree herein modifying the decree of public use and necessity heretofore entered herein on November 19, 1948, by striking from said decree all reference to the hydroelectric generating plant of the respondents located at Chelan, together with all water rights, real estate, transmission lines and appurtenant facilities used and useful in connection therewith, as more particularly described in said decree."

Reduced to its simplest form, relator's argument is this:

(a) The district acquired additional electrical generating facilities subsequent to entry of the decree of public use and necessity.

(b) The generating capacity now owned by the district is sufficient to supply all the present and reasonably foreseeable future electrical needs of the district.

(c) The Chelan hydroelectric generating plant and its appurtenances, if acquired by the district, would not be used primarily for public use; hence, the decree of public use and necessity should be modified by striking the Chelan plant from the decree.

The conclusion reached by relator does not follow from the premises alleged.

*First*: The appropriation of water and facilities for the generation of electrical power, to be sold to the public generally by an entity entitled by statute so to do, is a public use. *State ex rel. Chelan Electric Co. v. Superior Court*, 142 Wash. 270, 253 Pac. 115, 58 A. L. R. 779 (1927); *State ex rel. Washington Water Power Co. v. Superior Court*, 8 Wn. (2d) 122, 131-133, 111 P. (2d) 577 (1941); *State ex rel. Northwestern Electric Co. v. Superior Court*, 28 Wn. (2d) 476, 483, 183 P. (2d) 802, 173 A. L. R. 1351 (1947).

*Second*: The district, by statute, is authorized to

"(d) . . . condemn . . . plants, transmission and distribution lines and facilities for generating electric current . . . within or without its limits, for the purpose of furnishing said public utility district, and the inhabitants thereof and any other person, including public and private corporations, within or without its limits, with electric cur-

rent for all uses . . ." Rem. Supp. 1945, § 11610 (d) [*cf.* RCW 54.16.040].

Further:

"It shall be no defense to a condemnation proceeding hereunder that a portion of the electric current generated or sold by such public utility district will be applied to private purposes provided the principal uses intended are public . . ." Rem. Supp. 1945, § 11610 (b) [*cf.* RCW 54.16.020].

*Third*: On November 19, 1948, the trial court found that the contemplated use, by the district, of the property being condemned (which included the Chelan plant), for the purpose of supplying electric current to the district and to persons "within or without its limits," was a *public use.*

*Fourth*: The issue, raised by relator's petition to modify the decree of public use and necessity, is exactly the same issue presented before and determined by the prior decree —is the taking of the Chelan hydroelectric plant and its appurtenances for a *public use?*

■ *Fifth*: In *State ex rel. Northwestern Electric Co. v. Superior Court*, 27 Wn. (2d) 694, 696, 179 P. (2d) 510 (1947), the precise question raised was:

"Is the order or decree of public use and necessity in the case at bar *a final judgment*, appeal from which, or review of by certiorari, required to be perfected within thirty days?" (Italics ours.)

The question was answered in the affirmative.

■ Hence, since this is not a proceeding based upon the statutes or rules of court for the vacation or modification of a judgment (Rem. Rev. Stat., § 464 [*cf.* RCW 4.72.010]; Rem. Rev. Stat. (Sup.), § 399 [*cf.* RCW 4.76.020]; Rules of Pleading, Practice and Procedure 13, 34A Wn. (2d) 77), it follows that the decree of public use and necessity is *res judicata* of the issue of whether the taking of the Chelan hydroelectric plant and its appurtenant facilities is necessary and for a public use.

"The doctrine of *res adjudicata* is applicable to final orders, judgments and decrees in condemnation proceedings as to matters therein litigated. The rights of the respective parties are fixed and determined and are binding and conclusive

upon the parties to the proceeding as well as their successors or grantees." Jahr, Eminent Domain, 411 (1953).

This conclusion is consistent with our prior decisions, treating with the finality of the second and third judgments entered pursuant to the eminent domain statutes of this state.

In *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 100 Wash. 485, 489, 171 Pac. 238 (1918), this court said:

"The only method of reviewing the decree of appropriation, the last of the three judgments above mentioned, if at all, is by certiorari or review. [Citing authorities.] Even then we cannot again review the adjudication of necessity, nor review that question at all if it was allowed to become final without review thereof.

"We have held that, upon an error from a judgment awarding damages in a condemnation proceeding [the second of the three judgments], no question can be raised as to the right to condemn, but that the review will be confined solely to the propriety and justness of the amount of damages. [Citing authorities.]

"The only question, then, which relators may present to this court upon appeal from the second judgment is that of the adequacy of the damages awarded, and, for this reason, they contend that, having no appeal from the last judgment, the decree of appropriation vesting the title in the appropriator, they have the right to a writ of review therefrom which would review the original order or judgment of necessity.

"We have uniformly held that the writ of review for the purpose of reviewing the judgment or order of necessity entered in an eminent domain case must be applied for within thirty days from the date of the entry of the judgment. [Citing authorities.] . . .

"Without the adjudication and judgment of necessity, *no subsequent proceedings can be had.* As to that, under our system, it is final, subject only to review as provided by law." (Italics ours.)

See *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706 (1914).

Our conclusion is further supported by another consideration. Relator states in its brief:

· "Absent the *difficulties* of accomplishing such a result under the practical limitations of judicial procedure, the ascertainment of public use and necessity by the court, the determination of just compensation by the jury, the payment of that compensation, and the appropriation of the property to the condemnor should follow each other *in uninterrupted and practical simultaneous sequence.*" (Italics ours.)

With this we agree; but, were we to adopt relator's theory of this case, no condemnation proceeding would ever advance beyond the first step. It would never reach fruition.

Since each judgment, in turn, is a condition precedent to the entry of the subsequent judgment or judgments, each must be "final in its own particular sphere" (*Chicago, Milwaukee & Puget Sound R. Co. v. Slosser, supra*) if the action is to proceed "in an uninterrupted and practical simultaneous sequence." The decree of public use and necessity is only the first step in the designated procedure to accomplish the final, ultimate purpose of the condemnor. Its finality, however, applies only to the specific issue presented. From it arises the second issue—that of valuation; but the entire proceeding, of which the decree of public use and necessity is the first step, is still subject to all requirements that the action proceed in a continuous sequence.

The trial court did not err in sustaining the demurrer to relator's petition and in dismissing it with prejudice.

The judgment is affirmed.

GRADY, C. J., MALLERY, SCHWELLENBACH, and OLSON, JJ., concur.

---

· December 28, 1953. Petition for rehearing denied.