[No. 32954. *En Banc.* January 7, 1955.]

THE WASHINGTON WATER POWER COMPANY *et al.*, *Appellants*, v. PUBLIC UTILITY DISTRICT No. 1 OF CHELAN COUNTY *et al.*, *Respondents.*[1]

*Paine, Lowe, Coffin, Ennis & Herman, Metzger, Blair & Gardner,* and *Crollard & Crollard,* for appellants.

*Harvey F. Davis, Earl W. Foster,* and *O'Connor & O'Connor,* for respondents.

PER CURIAM.—For all practical purposes, the instant action is the same in all particulars as that of *Public Utility Dist. No. 1 v. Washington Water Power Company,* 43 Wn. (2d) 639, 262 P. (2d) 976.

We are not prepared to overrule that case, and, accordingly, the opinion therein is incorporated herein by reference as though fully set out.

The judgment is affirmed.

GRADY, C. J. (dissenting)—I am not in accord with the view that this case is the same as that of *Public Utility Dist. No. 1 v. Washington Water Power Co.,* 43 Wn. (2d) 639, 262 P. (2d) 976. The question we had before us in that case was whether the superior court had the power to modify a decree of public use and necessity by striking from such decree all reference to certain property which was sought to be condemned.

The petition to modify the decree was based upon the claim that new or changed conditions had come into existence since its entry, by reason of which the property in question was not needed by the respondent to supply present or future needs and, if appropriated, would not be used primarily for public use. The trial court sustained a demurrer to the petition and later dismissed the action.

It is obvious that the changed conditions that came into existence after the entry of the decree could not create a ground for its modification. The appellant sought a remedy not given to it by law. When the case reached this court on certiorari, we agreed with the trial court that the decree had finally adjudicated that, as of the time of its entry November 19, 1948, the property sought was being acquired for a public use, and that it was necessary to meet the then present and prospective needs of the respondent. We recognized that the effect, if any, of sub-

[1]Reported in 278 P. (2d) 384.

sequently changed conditions could not be considered or determined upon a petition to modify the decree. However, it does not follow that, because appellant mistook its remedy, it is precluded from seeking any remedy it may have by a proper proceeding. The questions now raised and presented could not properly be raised by a petition to modify, nor could they if sought to be presented be considered or decided by the court. I do not agree that appellant is now asking us to overrule that case, and we do not need to do so in order to meet the issue presented by the appeal in this case. In adopting the opinion in the former case, we do not meet such issues. The appellant is not being accorded its statutory right of appeal, and by such action we are open to the accusation that we are remiss in our duty as an appellate court.

The main question presented to the trial court by appellant and to this court on appeal is whether the respondent may now proceed to obtain a decree of appropriation of the property of appellant when it is made to appear that, subsequent to the entry of the decree of public use and necessity, it has acquired generating facilities more than sufficient to meet its present and future needs as of the time of the entry of such decree.

In order to determine just what the trial court really decided, one must do the unusual and consider the oral decision of the court, the findings of fact, and the final conclusion of law, because they express different theories. I gather from the oral decision of the trial judge that, if he felt the question was before the court, he would be inclined to the view that the generating plant of appellant was not needed by the district in view of generating facilities acquired since the entry of the order of public use and necessity in order to meet present and reasonably prospective needs. This conclusion was evidently reached upon the evidence submitted, but the trial judge felt that he would have to decide this question by determining whether the district commissioners had acted arbitrarily and capriciously.

These elements were drawn into the case by resolution No. 820, adopted by the commissioners April 21, 1954, after this action was commenced. The resolution is exhibit No. 10 and is to the effect that, notwithstanding the generating facilities acquired subsequent to the order of public use and necessity November 19, 1948, nevertheless, the generating facility of appellant covered by that order will also be needed to carry out the greatly extended program beyond that existing November 19, 1948. The trial judge made reference to *Public Utility Dist. No. 1 v. Washington Water Power Co.*, 43 Wn. (2d) 639, 262 P. (2d) 976, and seemed to be of the opinion that the order of November 19, 1948, settled the question of necessity, also that in adopting resolution No. 820 the commissioners had not acted either arbitrarily or capriciously. Reference was also made to the order of November 19, 1948, and the disposition made by the court of the petition to modify such order.

The conclusion of law upon which the judgment of dismissal seems to be based is to the effect that the action of the commission in determining that the generating facility of appellant covered by the order of necessity and the generating facilities acquired by the district since the entry of such order was neither arbitrary nor capricious, and therefore

not subject to the court's determination as to whether the acquisition of such utility property should cease or be continued by the district. The court also concluded that the decree of public use and necessity of November 19, 1948, was *res judicata*, and that the appellant is estopped thereby from maintaining this action.

It is my view that the court should have made a finding of fact to the effect that, after acquiring generating facilities subsequent to November 19, 1948, it then ceased to need the generating facility of appellant covered by the order of that date and based a judgment upon such finding. The question of necessity should have been decided upon the evidence submitted, and no consideration should have been given to resolution No. 820.

The evident purpose of the adoption of the resolution was to put the commissioners in the same position as to exercise of judgment as to need as the law places them when determining necessity as a preliminary to the commencement of a condemnation suit. I think this is a fundamental error, into which both respondent and the trial court have fallen. The issue of fact with reference to necessity cannot in any way be affected by a resolution. It should not have been received in evidence or considered by the court. The issue of necessity tendered by the appellant in this case could only be met by testimony and documentary evidence, and whether or not the commissioners were acting arbitrarily or capriciously in a determination of necessity was immaterial.

I have heretofore in this dissent expressed my views as to the question of *res judicata*.

It is my view that, if respondent is permitted to appropriate the property of appellant in the face of the situation now existing, it will be exceeding its power of eminent domain, in that the property will not be put to a superior public use and it will be taking property of appellant without due process of law. It must be recognized that the power of eminent domain has constitutional limitations. Art. XIV, § 1, of the Federal constitution provides that no state shall deprive any person of his property without due process of law; and Art. I, § 3, of the state constitution provides that no person shall be deprived of property without due process of law. If it can properly be said that the statute giving to public utility districts the power of eminent domain authorizes the appropriation of the property of appellant in view of the changed conditions, I think it must follow that to such extent the statute is unconstitutional, and that, when respondent secured the generating facilities it did after the order of necessity, its right to proceed to appropriate the property of appellant automatically ceased, and that it is not now in a position to say that notwithstanding the acquirement of such facilities the commissioners of the district may exercise their judgment as to the amount of property needed. The district has put itself in the same position in principle as if after the entry of the order of public use and necessity it had affirmatively abandoned efforts to appropriate the generating plant of appellant and had acquired other and more generating facilities. It can hardly be said that, in view of such a situation, the district could about face and proceed with the condemnation case. The conduct of the district amounted to a constructive abandonment.

It is quite apparent from the record that respondent desires to carry out a very ambitious program in generating and distributing electrical energy and far in excess of that contemplated by the legislature when authority to form public utility districts was given and their powers defined. It is not for the courts to be concerned with the policy of the state or the wisdom of legislation with reference to the subject of public power, but it is their duty to protect the constitutional rights of those who are also generating and distributing electrical energy for public purposes and uses. We must not overlook the fact that a condemnor after securing an order of necessity is not obliged to acquire the property sought and may abandon its purpose entirely, and that it may also, even after a decree of appropriation is entered, refuse to take the property or pay the award. Certainly, the appellant should have the right to resist the taking of its property and the depriving it of its ability to serve its patrons, when before appropriation the respondent has acquired the facilities to meet the needs it claimed to have when the order of necessity was entered.

I would reverse the judgment and remand the case for the entry of an order enjoining respondent from condemning the hydroelectric plant of appellant.

HILL, J., concurs with GRADY, C. J.

---

April 27, 1955. Petition for rehearing denied.