[No. 34858.    *En Banc.*    September 24, 1959.]

WILLIAM TAYLOR, *Respondent,* v. FRANCIS GREENLER *et al.,*
*Appellants.*[1]

[1]Reported in 344 P. (2d) 515.

*C. T. Hatten,* for appellants.

*Greenwood, Shiers & Presser,* for respondent.

HILL, J.—This action was brought by the respondent, William Taylor, under RCW 8.24, to condemn a private way of necessity across the land of the appellants, Francis and Zola Greenler. An order adjudicating necessity was filed on June 28, 1957. The case thereafter came on for trial for the assessment of damages, and there was a verdict in favor of the appellants in the sum of three hundred and seventy dollars, which, together with costs, was paid into the registry of the court by the respondent on May 16, 1958.

From the judgment on the verdict, signed May 16 and filed May 19, 1958, the appellants gave notice of appeal on June 12, 1958; the appeal being "from each and every part of that certain judgment made, and entered herein by the court on the 19th day of May, 1958."

No issue is raised as to the justness or propriety of the damages awarded, and no claim of error is made concerning the proceedings in which the damages were determined.

The appellants seek, on this appeal, to review the order

adjudicating necessity, entered June 28, 1957, more than eleven months before any notice of appeal was given.

Consequently, we are presented with the question of whether the order adjudicating necessity can be reviewed on an appeal from the judgment fixing the damages sustained.

At first blush, a negative answer seems apparent.

■ The procedure for the condemnation of land for a private way of necessity is the same as provided for the condemnation of private property by railroad companies. RCW 8.24.030.

Railroad companies come under the classification of corporations authorized by law to exercise the power of eminent domain; hence, the procedure applicable to the condemnation of private ways of necessity is that provided in RCW 8.20. See *State ex rel. Mower v. Superior Court* (1953), 43 Wn. (2d) 123, 260 P. (2d) 355. RCW 8.20.120 provides that:

"Either party may appeal from the judgment for damages entered in the superior court, to the supreme court of the state, within thirty days after the entry of judgment as aforesaid, and such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal:  . . . "

■ This is the only provision for an appeal where a corporation exercises the power of eminent domain, and it has been held that this statute limits the questions cognizable on appeal to the "propriety and justness" of the damages assessed. *Chelan Electric Co. v. Perry* (1928), 148 Wash. 353, 268 Pac. 1040; *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser* (1914), 82 Wash. 467, 144 Pac. 706. It is well established that no question can be raised on appeal under that statute as to the right to condemn, the order adjudicating necessity being reviewable only by writ of certiorari which issues as a matter of right when a petition therefor is timely filed, and the statutory requirements relative to review by certiorari appear in the record. *State ex rel. Northwestern Electric Co. v. Superior Court* (1947), 27 Wn. (2d) 694, 179 P. (2d) 510; *State*

*ex rel. Grays Harbor Logging Co. v. Superior Court* (1918), 100 Wash. 485, 171 Pac. 238.

To avoid this apparently decisive determination, against their present attempt to attack the order adjudicating necessity, the appellants present an issue not heretofore raised in this court concerning the statute, or rule on appeal, applicable in this type of case.

It is conceded that appeals in eminent domain cases, because of the character of the proceedings, have always been limited by the special provisions relating to appeals contained in the eminent domain statutes. *State ex rel. Northwestern Electric Co. v. Superior Court, supra; North Coast R. Co. v. Gentry* (1910), 58 Wash. 80, 107 Pac. 1059.

It is urged, however, that there is a hiatus in the law governing appeals in condemnation proceedings where a private road (way) of necessity is being acquired; that the general rules on appeal apply; that Rule on Appeal 14 (1), RCW Vol. 0, provides that an appeal from a final judgment brings up for a review any order made in the same action or proceeding; that the order adjudicating necessity is such an order, and, therefore, subject to review on this appeal.

To understand this argument it becomes necessary to trace the history of the statutes implementing Art. I, §16, of the Washington state constitution which reads, in part, as follows:

"EMINENT DOMAIN. Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes or ditches on or across the lands of others for agricultural, domestic or sanitary purposes. . . . "
(This section amended in 1919 by 9th amendment by an addition not here material.)

This was not a self-executing provision, and required legislation to make it effective. See *Long v. Billings* (1893), 7 Wash. 267, 34 Pac. 936.

In 1895, legislation was enacted partially implementing the constitutional provision, it being

"An Act relating to the location and establishment of private roads of necessity, and providing for compensation for lands taken therefor." Laws of 1895, chapter 92, p. 180.

Section 1 provided that the owners of landlocked property might obtain the location and establishment of a road across the land of others, to obtain access to a highway, in the manner provided by law for the appropriation of private property by corporations, "except as in this act provided." (This became Rem. Rev. Stat. § 6746.)

Sections 2 and 3 provided for the filing of a petition in the superior court and a bond to cover costs and expenses. (These became Rem. Rev. Stat. §§ 6750, 6751.)

Sections 4, 5, 6, and 7 provided for the appointment, by the court, of commissioners; their payment, their report, and the hearing thereon. They were appointed for the purpose of determining: *"First,* whether there is necessity for the establishment of a road, and, *second,* the most practicable route for such road." Exceptions could be filed to their report. If the court did not approve the report, either as to the necessity or the route, it could appoint other commissioners. (These sections became Rem. Rev. Stat. § § 6752, 6753, 6754, 6755.)

Section 8 provided that if the court finds there is necessity for the road, "and shall by order determine the route thereof, then the cause shall be tried before a jury as to the amount of compensation" for the damages sustained by the opening of the road. (This section became Rem. Rev. Stat. § 6756.)

Section 9 is set forth in full, as appellants place great reliance on its terms.

"No appeal shall be taken from any order of the court as to the necessity of the road or as to the route thereof until after judgment as to the amount of compensation: *Provided,* That exception shall be taken and entered to such orders at the time the same are made, and the appeal from such orders and from the judgment awarding such compensation shall be taken at one time: *Provided further,* That all the provisions of law relating to appeals from judgments in proceedings for the appropriation of

private property by corporations shall apply to the proceedings provided for it in this act so far as the same are not inconsistent herewith." (This section became Rem. Rev. Stat. § 6757.)

Section 10 provided for the payment of the award of damages, and a judgment of appropriation. (This section became Rem. Rev. Stat. § 6758.)

Section 11 declared an emergency.

That this statute only partially implemented the quoted constitutional provision is apparent, as it applied only to private roads (ways) of necessity; but the constitution was completely implemented by Laws of 1913, chapter 133, p. 412, as is made clear by its title, *i.e.*,

"An Act relating to the taking of private property for private ways of necessity and for drains, flumes, and ditches on or across the lands of others for agricultural, domestic or sanitary purposes."

Here we have the exact language of the constitutional provision carried into the title of the act.

Section 1 of the 1913 act provided for condemnation for private ways of necessity, or for drains, flumes or ditches for agricultural, domestic or sanitary purposes, and defined private ways of necessity as follows:

". . . The term 'private way of necessity,' as used in this act, shall mean and include a right of way on, across, over or through the land of another for means of ingress and egress, and the construction and maintenance thereon of roads, logging roads, flumes, canals, ditches, tunnels, tramways and other structures upon, over and through which timber, stone, minerals or other valuable materials and products may be transported and carried." (This became Rem. Rev. Stat. § 6747, later changed to Rem. Rev. Stat. (Sup.), § 936-1, and is now RCW 8.24.010.)

Section 2 provided that the procedure for condemnation of lands for a private way of necessity, or for drains, flumes or ditches, under the provisions of this act, shall be the same as that provided for the condemnation of private property by railroad companies. (This became Rem. Rev. Stat. § 6748, later changed to Rem. Rev. Stat. (Sup.), § 936-2, and is now RCW 8.24.030.)

Section 3 was a special provision with reference to logging roads. (This became Rem. Rev. Stat. § 6749, later changed to Rem. Rev. Stat. (Sup.), § 936-3, and is now RCW 8.24.040.)

While chapter 133, Laws of 1913, contained only three sections, and was much shorter than the 1895 act, it completely covered the subject. Not only did it cover the taking of private roads (ways) of necessity, provided for by the 1895 act, but it defined private ways of necessity and included the rights of way for drains, flumes and ditches for agricultural, domestic or sanitary purposes, using the language of the constitutional provision.

While chapter 133, Laws of 1913, did not specifically repeal chapter 92, Laws of 1895, it was a general and complete enactment intended to fully implement Art. I, § 16, of the state constitution, and it covered the entire subject matter of the earlier legislation.

We have recognized that repeals by implication are ordinarily not favored in law, and that a later act will not operate to repeal an earlier act, except where the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject. (See *State ex rel. Reed v. Spanaway Water Dist.* (1951), 38 Wn. (2d) 393, 229 P. (2d) 532, for an excellent statement and discussion.)

Chapter 133, Laws of 1913, meets all of the terms of the exception: it covers the entire subject matter of the earlier legislation and substitutes a new procedure; it is complete within itself, and was patently intended to supersede the prior legislation and to completely implement the constitutional provision.

Our conclusion that chapter 133, Laws of 1913, impliedly repealed chapter 92, Laws of 1895, in itself, disposes of the appellants' contention on this appeal; because, as we have seen, under the procedure for condemnation by corporations (RCW 8.20 and, specifically, RCW 8.20.120) the appeal is limited to the "propriety and justness of the amount of damages."

Appellants, however, proceed on the assumption that the 1913 act did not impliedly repeal the 1895 act, relying primarily upon the fact that Rem. Rev. Stat. carried the 1895 act until 1937 as Rem. Rev. Stat. §§ 6746, 6750-6758. The end result, however, is the same in any event.

If there was no implied repeal, there were, subsequent to the effective date of the 1913 act, two methods by which a private road (way) of necessity could be condemned, because the 1913 act clearly provided such a method, and the best that could be said of the 1895 act was that if it was not repealed, it offered an alternative method for the condemnation of a private road (way) of necessity. (See *State ex rel. Reed v. Spanaway Water Dist., supra.*)

While the appellants concede that the 1895 act was expressly repealed by Laws of 1937, chapter 187, we suggest that if the 1895 act was not repealed by the 1913 act, its repeal by the 1937 act is open to question. It is difficult to see how an act relating to private roads (ways) of necessity could have been repealed by the Washington State Aid Highway Act, which related entirely to public highways with no reference to private ways, and was an act (p. 728)

" . . . providing for the administration of county roads by counties and city streets by incorporated cities and towns and state supervision thereof; . . . " Laws of 1937, chapter 187.

There is nothing in the title or the context of the act that gives the slightest indication that it has anything to do with private roads (ways) of necessity.

Assuming the appellants to be correct, and that the 1895 act remained in effect until 1937, and was repealed in that year, the appellants argue, as we indicated on page 3 of this opinion, that the effect of this repeal was to leave the appeal procedure, concerning private ways of necessity, open except as covered by the general rules on appeal, and that Rule on Appeal 14(1), RCW Vol. 0, would dictate that the order adjudicating necessity would be reviewable on an appeal from the judgment on the verdict for damages as a prior order in the same proceeding.

One fallacy of this argument is that it assumes that the

1895 act provided the only means of condemning a private road (way) of necessity until 1937, whereas, it was, after the 1913 act became effective, at best an alternative method, and its repeal left the procedure established by the 1913 act as the only method available for such a condemnation. Under that act we would, as heretofore indicated, be limited on appeal to a consideration of the propriety and justness of the amount of the damages.

If we assume that the 1895 act was not impliedly repealed by the 1913 act, and that the attempted repeal in 1937 did not accomplish that purpose, then it still remains as an alternative method of condemning a private road (way) of necessity. It is apparent that the respondent was proceeding under the method provided in the 1913 act and the 1895 act has no application to the present case, and we are still limited on appeal to a consideration of the propriety and justness of the amount of the damages.

Thus we arrive at the same result, whether (a) the 1895 act was impliedly repealed by the 1913 act; (b) the 1895 act was not impliedly repealed by the 1913 act, and was repealed by the 1937 act; or, (c) the 1895 act was never repealed, expressly or impliedly; *i.e.*, that the 1913 act, § 2 (now RCW 8.24.030), governs the condemnation of the private way of necessity involved in this case, and refers us to RCW 8.20.120 for the applicable appeal provisions.

■ Appellants' contention that the general rules on appeal apply to the present case is negated by the rule that where a statute authorizes a restrictive appeal in a special proceeding, the general appeal statute does not apply. *State ex rel. Northwestern Electric Co. v. Superior Court, supra; Chicago, Milwaukee & Puget Sound R. Co. v. Slosser, supra; State ex rel. Davis v. Superior Court* (1914), 82 Wash. 31, 143 Pac. 168.

■ And the appellants' contention that an order adjudicating necessity is such an order as can be reviewed on an appeal from a final judgment is, likewise, negated by our decisions holding that an order or decree of necessity is, itself, a final order, decisive of one phase of the *tripartite* condemnation proceeding. *State ex rel. Grays Harbor Logging Co. v.*

*Superior Court, supra,* or, as stated in *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser, supra* (p. 473), it "is final in its own particular sphere." See, also, *Public Utility Dist. No. 1 of Chelan County v. Washington Water Power Co.* (1953), 43 Wn. (2d) 639, 262 P. (2d) 976.

We are unable to follow the appellants' argument relative to the decree of appropriation. Such a decree cannot be reviewed by appeal. *State ex rel. Grays Harbor Logging Co. v. Superior Court, supra.* The record shows that the amount of the judgment and costs were paid into court the same day the judgment appealed from was signed (and three days before it was filed). The respondent is entitled to a proper decree of appropriation if he does not have one.

We are without jurisdiction to consider the attempted appeal from the order adjudicating necessity, and the judgment for damages, from which the present appeal is ostensibly taken, is in no wise challenged. It must, of necessity, be affirmed.

ALL CONCUR.