**FILED**
**MARCH 15, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF SPOKANE VALLEY, a Washington non-charter code city, | ) ) ) | No. 38105-6-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| HIGH-EST, L.L.C., a Washington limited liability company; HIGHLAND OWNERS ASSOCIATION, a Washington nonprofit corporation INC., a foreign corporation; TAMI C. JENNINGS, Individually; ROBERT W. GUTHRIE and TERRIE GUTHRIE, husband and wife; PIONEER WATER COMPANY, INC., a Washington; corporation; TAMI C. JENNINGS, individually; and also all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the petition herein | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Appellants, | ) ) | |
| AVISTA CORPORATION, a Washington public utility corporation; CENTURYLINK, Inc.; INLAND POWER & LIGHT CO., a Washington cooperative association; SPOKANE COUNTY, a political subdivision of the State of Washington; KINDER MORGAN, INC., a foreign corporation formerly doing business as El Paso Natural Gas Company; | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

FEARING, J. —In this condemnation proceeding, appellants, holders of various interests in a parcel of land, appeal a superior court interlocutory order that enforced a stipulation between the condemnor, city of Spokane Valley, and the fee owner of the land. The stipulation granted the city immediate possession of the condemned property. Because the order lacks appealability, we dismiss the appeal without prejudice.

## FACTS

The city of Spokane Valley initiated condemnation proceedings in order to construct a roundabout at the intersection of Barker Road and Trent Avenue. The condemnation entails taking 4.15 out of 28.6 acres owned in fee simple by appellant High-Est LLC. High-Est has slated the parcel for residential development.

The condemnation petition named, in addition to High-Est, Tami Jennings, Terrie Guthrie, Pioneer Water Company Inc., and Highland Owners Association as condemnees. Pioneer Water Company possesses an easement for water lines across the land. The owners association claims a road easement across the land. Terrie Guthrie owns a majority interest in High-Est LLC and serves as president of Pioneer Water Company. Guthrie and her deceased husband purchased the condemned property from Tami Jennings, who the Guthries granted a deed of trust encumbering the parcel.

After the city of Spokane Valley filed its petition, the trial court entered an order finding that the roundabout project constituted a public use. High-Est thereafter stipulated to an order for immediate possession and use in exchange for Spokane Valley's

payment of $308,600 into the registry of the court. None of the other condemnees signed the stipulation. High-Est has since withdrawn the money for its use. In turn, Spokane Valley has begun construction on the roundabout.

## PROCEDURE

After High-Est entered the stipulation, other condemnees contended the stipulation for immediate possession was not enforceable because of their lack of agreement to and their lack of signature on the stipulation. The city of Spokane Valley filed a motion to enforce the stipulation of immediate possession and use. High-Est, who had signed the stipulation, opposed the motion and argued that the stipulated order only applied against High-Est and did not impact the property interests held by the other condemnees. Highland Owners Association, Pioneer Water Company Inc., Terrie Guthrie, and Tami Jennings also objected to the motion.

After a hearing, the superior court granted Spokane Valley's motion. The trial court signed the original stipulation between Spokane Valley and High-Est. High-Est, Highland Owners Association, Pioneer Water Company, Terrie Guthrie, and Tami Jennings appeal the order enforcing the stipulation. The condemnees did not file a motion for discretionary review.

LAW AND ANALYSIS

The city of Spokane Valley argues that the superior court's order granting the stipulation for immediate possession does not qualify as an appealable order because the condemnation proceeding has not ended in the superior court. We agree.

Pre-Rules of Appellate Procedure cases hold that, because of the character of eminent domain proceedings, aggrieved parties are limited by the special provisions relating to appeals contained in eminent domain statutes. *E.g., Taylor v. Greenler*, 54 Wn.2d 682, 685, 344 P.2d 515 (1959); *Longview, P&N.R. Co. v. Settle*, 128 Wn. 642, 643, 223 P. 1058 (1924). The only provision relating to appellate review of eminent domain by cities is found in RCW 8.12.200, contemplating review of final judgments in eminent domain proceedings.

Generally, a party has the right to appeal only a final judgment or analogous trial court order. RAP 2.2(a). In an eminent domain proceeding, a party may appeal an order of public use and necessity. RAP 2.2(a)(4). RAP 2.2(a)(4) does not apply, however, to an order for immediate possession.

In their reply brief, the condemnees contend that this court should accept discretionary review in the event we rule they lacked a right to appeal. RAP 5.1(c) permits this court to consider an incorrectly designated notice of appeal as a notice for discretionary review. Nevertheless, we still must determine the validity of accepting discretionary review. By definition, such review is discretionary.

4

An appellate court may grant discretionary review of a trial court order after considering the factors enumerated in RAP 2.3(b). RAP 2.3(b) declares:

> Considerations Governing Acceptance of Review. Except as provided in section (d), discretionary review may be accepted only in the following circumstances:
> (1) The superior court has committed an obvious error which would render further proceedings useless;
> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;
> (3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or
> (4) The superior court has certified, or that all parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

(Boldface omitted.) The condemnees contend factors one, two, and three apply. We disagree.

In their reply brief, the condemnees do little to advocate the propriety of discretionary review. They only posit that the case implicates constitutional principles involving substantial property rights. Nevertheless, any ruling of this court would not render further proceedings useless, since the trial for damages will proceed regardless. The decision did not substantially alter the status quo since the city has proceeded with construction and none of the condemnees other than High-Est presents evidence that the construction interferes in their property rights. The only party entitled to possess the

5

acreage, High-Est, signed the stipulation and received payment in exchange for Spokane Valley taking possession. When accepting payment, High-Est did not suggest that Spokane Valley could not enforce the stipulation for possession.

We also question whether the superior court committed error, let alone obvious or probable error. No case law requires the city to obtain the approval of condemnees, who lack a possessory interest in the property, before assuming immediate possession. RCW 8.25.070 utilizes a shifting attorney fee scheme to incentivize negotiation and settlement between condemnor and condemnee prior to trial and authorizes immediate possession of the property by the government entity. RCW 8.25.070(3) reads:

> Reasonable attorney fees and reasonable expert witness fees authorized by this section shall be awarded only if the *condemnee* stipulates, if requested to do so in writing by the condemnor, to an order of immediate possession and use of the property being condemned within thirty days after receipt of the written request, or within fifteen days after the entry of an order adjudicating public use whichever is later and thereafter delivers possession of the property to the condemnor upon the deposit in court of a warrant sufficient to pay the amount offered as provided by law. In the event, however, the condemnor does not request the *condemnee* to stipulate to an order of immediate possession and use prior to trial, the *condemnee* shall be entitled to an award of reasonable attorney fees and reasonable expert witness fees as authorized by subsections (1) and (2) of this section.

(Emphasis added.) The statute only references a stipulation by one condemnee and that one condemnee should be the party who owns fee simple.

6

No. 38105-6-III
*City of Spokane Valley v. High-Est, LLC*

CONCLUSION

We dismiss this appeal and remand for further proceedings before the superior court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____Fearing, J._____
Fearing, J.

WE CONCUR:

_____Siddoway, C.J._____
Siddoway, C.J.

_____Lawrence-Berrey, J._____
Lawrence-Berrey, J.

7