[No. 34972.   Department Two.   July 30, 1959.]

MERCER ISLAND SCHOOL DISTRICT NO. 400, *Plaintiff and Relator,* v. VICTOR SCALZO, INC., *et al., Defendants,* THE SUPERIOR COURT FOR KING COUNTY, *Roger J. Meakim, Judge, Respondent.*[1]

*Charles O. Carroll* and *Maurice M. Epstein,* for relator.

*Rosling, Williams, Lanza & Kastner (Joseph J. Lanza,* of counsel), for respondent.

PER CURIAM.—Mercer Island School District No. 400 commenced this action against the defendants, Victor Scalzo, Inc., and Joseph Scalzo, Inc., to acquire from them, by condemnation, certain property for a school site, as provided by RCW 8.16.050.

[1] Reported in 342 P. (2d) 225.

At the hearing upon the petition for an order of public use and necessity, the owners appeared and resisted the granting of the order upon two grounds (1) that there was no present necessity for the taking and acquisition of the property by the district, and (2) that the portion of the school district's budget allocated for the acquisition of building sites for the fiscal year had been expended, and the district would therefore be unable to pay the award for the site, should it be acquired by condemnation.

The court denied the district's petition for the order solely upon the ground that the portion of the district's budget allocated for acquiring school sites during the current year would be exceeded by the payment of any reasonable award for the property sought to be condemned. The district seeks a review here of the court's order, by certiorari.

■ The relator contends that the court erred in admitting evidence, over its objection, of the budget status of the district at this stage of the condemnation proceeding. With this contention, we agree. A municipality's exercise of the statutory right of eminent domain by condemnation consists of three phases: (1) adjudication of public use and necessity, (2) determination of damages to be awarded to the owner, and (3) payment of the amount of the award, entry into possession of, and dominion over, the property condemned.

■ At the hearing on the first phase, the court is concerned only with evidence regarding the necessity for the taking, and whether the use for which the property is sought is a public use. Evidence of the district's ability to pay the award, should it elect to proceed with the remaining phases of the condemnation, was not material. The court erred in admitting the budget testimony in evidence, and in entering its judgment of dismissal based solely thereon.

The trial court entered no findings of fact or conclusions of law upon the merits of the petition. The evidence upon the issue of "necessity" was conflicting.

A decree speaks from the date of its entry. The judgment is reversed, and the cause remanded with instructions to grant a new hearing upon the merits of the petition.