838

THE STATE OF WASHINGTON, *on the Relation of Thomas E. Agee et al., Petitioners*, v. THE SUPERIOR COURT FOR KING COUNTY, *Henry W. Cramer, Judge, Respondent.**

*Olwell & Boyle*, for petitioners.

*The Attorney General* and *Douglas R. Hartwich, Assistant*, for respondent.

PER CURIAM.—By an action in eminent domain, the state sought to condemn a five-foot strip along the easterly border of the petitioners' property as a part of Primary State Highway No. 5, located in the city of Auburn, King county,

*Reported in 365 P. (2d) 16.

Washington. The order adjudicating public use is here for review on certiorari.

The existing right of way adjacent to petitioners' property utilizes C street, northeast, in Auburn. The state seeks to add five feet on each side of the existing right of way, which would increase its width to sixty feet, and it would then become a four-lane highway with curbs, sidewalks, and margins one and one-half feet wide for road signs, lights, and public utilities.

The petitioners' property consists of a lot forty-five feet wide with a rental residence and law office. The condemnation will take the present parking area and bring the highway to within eighteen inches of the wall of the residence and four and one-half feet from the office door.

The petitioners contend that the law requires the right of way for primary state highways to be one hundred feet in width, and that there is no evidence the adoption by the director of highways of a different width of sixty feet was *for good cause.*

Laws of 1937, chapter 53, § 30, p. 152, Rem. Rev. Stat., § 6400-30, provides:

"That from and after the taking effect of this act, the width of one hundred feet is the necessary and proper right of way width for primary state highways *unless the director of highways, for good cause, may adopt and designate a different width.* This section shall not be construed to require the director of highways to acquire increased right of way for any primary state highway in existence at the time of the taking effect of this act." (Italics ours.)

It will be noted that the legislature did not provide for a public hearing, fact-finding commission, or other procedure for the determination of the existence of "good cause" for adopting a different width for a state highway. Such an act, therefore, lies within the authorized discretion of the director of highways, and it is not reviewable except for fraud or gross abuse of discretion, which was not alleged or proved.

The petitioners contend that the taking of their property for the installation of public utilities in the margin

outside the curb line is not a taking of property for highway purposes as required by the eighteenth amendment to the state constitution. It was shown that road signs and lighting would be installed in the margin. Even this justification, however, was not necessary. The director of highways has the discretion of establishing a margin. All of a right of way need not be devoted to travel lanes. Petitioners are not concerned with the uses to which a highway may be properly put. The certificate of public use requires only that it be in fact a highway. The evidence as to the contemplated use of the margins for the installations of public utilities is, thus, mere surplusage.

Moreover, issues relating to future uses of highways are not within the issues to be presented to the court in applying for an order of public use. Such plans are not determinative of petitioners' rights, they are freely subject to change from time to time, and the jurisdictional fact needed to support an order of public use is simply that a public road or highway is projected for the land subject to the condemnation action.

■ The petitioners contend that traffic conditions present no necessity for the taking of their property for state highway purposes, and that there are no present plans to extend the four-laning of the highway beyond Harvey road.

We find no merit in this contention. The specific plans for a highway in a condemnation suit have no bearing on the order of public use, although, in the subsequent condemnation action, they may be put in issue if the extent of the damage to the property is affected thereby.

The order of public use is confirmed.